# Passmore et al., Appellants, *v.* Allentown & Reading Traction. Co. et al.

*Corporations—Stockholders—Right of stockholder to sue to redress company's wrong—Fraud, mismanagement, etc., prejudicial to plaintiff—Notice to directors—Equity—Specific performance.*

1. Where a stockholder institutes a suit in equity in his own name to enforce a right of the corporation of which he is a member, he must set forth facts necessary to give him standing to assert rights that are ordinarily enforced by the corporation. The board of directors has the power to sue, and on them rests the burden of whether they should engage in such litigation.

2. Before the stockholder may intervene he must use every effort to cause the directors to act. Statements should be presented to the directors, showing the wrong complained of, not necessarily in detail, but facts essential to sustain a complaint of wrongdoing. Mere general charges and blanket averments, without a statement of facts, will not be sufficient. Insolvency and fraud need not be averred, though they may be, but acts must appear which are prejudicial and harmful to the corporation's rights. Sufficient responsible data should be given to enable them to determine the question with some hope of success.

3. A corporation should not be put to the hazard of expensive litigation to satisfy the imaginary grievance of disappointed stockholders; therefore, there must be something of substance on which to base the charge of wrongdoing. If the officers, through misconduct or otherwise, fail to proceed, after receiving due and sufficient notice, and there is not time to remove them and elect other officers, the shareholder, upon showing his effort to induce the corporation to proceed, and that he left nothing undone which he might have done to prevail on the corporation to bring such action, may institute proceedings in equity for relief.

4. A bill is properly dismissed where there are no charges of wrongdoing, or injury, or acts, prejudicial to plaintiff or his company, or of mismanagement, fraud, or carelessness.

*Street railways—Lease—Rental—Dividends—Payment by lessee company through lessor company to latter's stockholders.*

5. Stockholders do not have standing to bring such action merely because the lease directs payment of dividends. Such payments pass through the corporate management and not directly to the stockholder.

Argued March 1, 1920. Appeal, No. 232, Jan. T., 1920, by plaintiffs, from decree of C. P. Berks Co., sitting in equity in No. 1093 Equity Docket, 1913, dismissing bill in equity in case of John H. Passmore, Daniel B. Shepp, and the Real Estate Title Insurance & Trust Co., and R. Nelson Buckley, trustees under the will of Robert N. Carson, deceased, v. Allentown & Reading Traction Co., Hannah A. Ahrens, Executrix of Howard E. Ahrens, dec'd, P. A. Diener, George H. Gerber, Sol. K. Hoffman, F. S. Kinsey, W. D. Mohn, George B. Schaeffer, F. B. Wagner, Kutztown and Fleetwood Street Railway Company, John R. Miller, F. R. Wagner, R. L. Jones, John A. Rigg, Walter A. Rigg, V. S. Seltzer, L. T. Custer, John M. Frame, H. P. Roeper, Berks County Trust Co., Trustee, Integrity Title Insurance Trust and Safe Deposit Co., Trustee, and John M. Kutz's Estate. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for accounting, injunction, appointment of receiver and for decree ascertaining rights of plaintiff and others in interest. Before WAGNER, J.

The litigation grew out of complaints as to the performance of the covenants of a lease of the property of the Kutztown & Fleetwood Street Railway Co. to the Allentown and Reading Traction Co.

One of the provisions of the lease was as follows:

4. In consideration of which the said traction company hereby promises, covenants, and agrees and guarantees to pay the principal and interest, taxes and charges on the 5 per cent bonds of the said railway company to an amount of $200,000, or so much thereof as may be required to complete said road, and also agrees and will pay during the continuance of this lease the same rate of dividend upon the capital stock of $200,000, of the said railway company, as the said traction com-

pany may from time to time earn and declare upon its own stock.

The opinion of the Supreme Court states the facts.

The court below entered a decree dismissing the bill. Plaintiff appealed.

*Error assigned,* among others, was (95) decree dismissing bill.

*Cyrus G. Derr,* with him *John C. Bell, Paxson Deeter* and *Walter B. Freed,* for appellants.—Plaintiff had a right to sue: Watts's App., 78 Pa. 370.

*C. H. Ruhl* and *H. P. Keiser,* with them *H. J. Dumn,* for appellees.—Plaintiff's bill should have been dismissed because it is brought by an individual stockholder, to redress injuries or protect the corporation in its right to have a faithful performance of its contract with the Allentown & Reading Traction Co., without proof of the necessary facts to confer upon him such right: Southwest N. Gas Co. v. Fayette Fuel Gas Co., 145 Pa. 13; Wolf v. Penna. R. R., 195 Pa. 91; McCloskey v. Snowden, 212 Pa. 249.

OPINION BY MR. JUSTICE KEPHART, May 3, 1920:

This was a bill brought by an individual stockholder to redress injuries of a corporation (the Kutztown & Fleetwood Street Railway Company), in its right to have faithful performance of a contract with another corporation (the Allentown & Reading Traction Company), as lessee of the first company's property. It was incumbent on complainant, Passmore, to set forth facts necessary to give him standing to assert rights that are ordinarily enforced by the corporation. The lease was between the corporation, of which he was a member, and the traction company as lessee. If the lessee company, through its officers, by fraud or mismanagement, wronged the lessor and its members, it should be re-

dressed through the duly appointed agents, the board of directors, of the latter corporation. Before a stockholder may intervene to enforce rights, every effort should be made to cause the directors to act. Statements should be presented, showing the wrong complained of, not necessarily in detail; but facts essential to sustain a complaint of wrongdoing should be submitted. Mere general charges and blanket averments, without a statement of facts, will not be sufficient. Insolvency and fraud need not be averred, though they may be; but acts must appear which are prejudicial and harmful to the corporation's rights. The board of directors has the power to sue, and on them rests the burden of whether they should engage in such litigation. Sufficient responsible data should be given to enable them, as the trustees of the property, to determine the question with some hope of success. A corporation should not be put to the hazard of expensive litigation to satisfy the imaginary grievances of disappointed stockholders; therefore, there must be something of substance on which to base the charge of wrongdoing. If the officers, through misconduct or otherwise, fail to proceed, after receiving due and sufficient notice, and there is not time to remove them and elect other officers, the shareholder, upon showing his effort to induce the corporation to proceed and that he left nothing undone which he might have done to prevail on the corporation to bring such action, may institute proceedings in equity for relief: Thompson on Corporations, sec. 4497; 10 Cyc. Law & Practice 883; Southwest N. Gas Co. v. Fayette Fuel Gas Co., 145 Pa. 13; Wolf v. Penna. R. R. Co., 195 Pa. 91; McCloskey v. Snowden, 212 Pa. 249.

A letter was sent by Passmore's counsel to each of the directors of the Kutztown & Fleetwood Company. He states in substance that a bill in equity was filed in the District Court of the United States by complainant as a stockholder of the Kutztown & Fleetwood Railway Company against the Allentown & Reading Traction

Company; that large sums of money had been expended by the traction company that had not been adequately accounted for on the books of the company; and the reports of the Allentown & Reading Company at Harrisburg were not according to the books. Based upon this information, the Kutztown & Fleetwood Company was asked to secure an accounting and procure a receiver for the Allentown & Reading Company. No official action was taken on this letter and we do not wonder that such was the case. There is no charge of wrongdoing, or injury, or acts prejudicial to plaintiff, or of mismanagement, fraud or carelessness. Each specification of the letter might be explained with entire satisfaction and without the slightest intimation that anybody had done wrong. While the latter states money was spent "not adequately accounted for on the books of the company," what might have been inadequate to Passmore might be entirely adequate to defendant. It does not charge that the money was not spent, or that it was diverted, or misapplied, or in anywise unfairly dealt with. It merely charges what to plaintiff seems to be an inadequate system of keeping accounts; that the reports to the auditor general and the books do not agree, is not evidence of fraud. A very simple explanation may show that for taxing purposes it was necessary to make changes. It is unnecessary to go into detail as to why this should be, or to explain the various methods of keeping books, to emphasize the point in question. The charges as made were insufficient. The stockholder not having exhausted his remedy before applying to the courts, his action must fail at the threshold of the suit.

We are not persuaded that the article of agreement in question requires the dividends or interest on bonds to be paid direct to the stockholders without passing through the corporate management. The agreement was with the corporation and it was agreed to pay to it a dividend equal to the dividend on the Reading stock.

This disposes of the case without the necessity of a full discussion of the other questions raised by the bill, answer and the evidence; but, after careful consideration, we are satisfied that the court below was correct in holding that there was not sufficient evidence to establish the various allegations of wrongdoing by the officers and directors of the Allentown & Reading Traction Company as contained in the respective paragraphs of the bill.

The decree is affirmed at the cost of appellants.