401 A.2d 369

Kenneth A. BURDON, Appellant,

v.

George B. ERSKINE, William L. Meisel, William M. Erskine, Robert A. Taylor, Individually and as Members of the Board of Directors of Emporium Specialties Co., Inc., Emporium Specialties Co., Inc. and Emporium Trust Company.

Superior Court of Pennsylvania.

Argued June 16, 1978.

Decided March 16, 1979.

Rehearing Denied June 4, 1979.

Heath L. Allen, Harrisburg, for appellant.

J. Bruce Walter, of Rhoads, Sinon & Hendershot, Harrisburg, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from an order sustaining a demurrer and dismissing with prejudice a complaint in equity.

Appellant is trustee in bankruptcy of MW Manufacturing Corporation, which wholly owns appellee Emporium Specialties Co., Inc. Appellees George Erskine, William Erskine, and William Meisel are directors and officers of Specialties. Appellee Emporium Trust is a bank. Appellee Robert Taylor, now deceased, was president of Emporium Trust and a director of Specialties.

Appellant filed his complaint on December 5, 1974. The complaint alleged that as directors, the individual appellees had breached their fiduciary duty to Specialties by approving "unreasonable and excessive" employment contracts with the three of them who were officers of Specialties, and further, by approving two loan agreements between Specialties and Emporium Trust. Appellees filed their preliminary objections, including a demurrer, to the complaint on December 20, 1974. No further action occurred until August 8, 1977, when appellees moved to dismiss the complaint for failure to prosecute. After discovery and an evidentiary hearing, the lower court granted appellees' motion to dismiss for failure to prosecute, and also sustained appellees' demurrer. We find it necessary to consider only the order sustaining the demurrer.

Pa.R.Civ.P. 1506 provides:

> In an action to enforce a secondary right brought by one or more stockholders of a corporation . . . the complaint shall set forth . . .
>
> (2) the efforts made to secure enforcement by the corporation or similar entity or the reason for not making any such efforts.

The basis of the demurrer, and of the lower court's order, was that the complaint represented a secondary action brought by MW Manufacturing as the sole stockholder of Specialties, but that it did not set forth, either any effort by MW Manufacturing as sole stockholder to secure enforcement by Specialties of its rights against the individual appellees, or any reason for not making any such effort.

Appellant first argues that the lower court erred in characterizing his action as secondary, or derivative; he submits that his complaint alleged both direct and derivative causes of action, and that at least his direct cause of action survives appellees' demurrer.

■ As a matter of form, the complaint does not plead separate causes of action in separate counts. *Hornsby v. Lohmeyer*, 364 Pa. 271, 274, 72 A.2d 294 (1950). It does plead demands on Specialties' directors, which is consistent with the conclusion that the single cause of action pleaded was regarded by appellant as derivative, not direct. As a matter of substance, the complaint seeks reimbursement to Specialties, not to appellant's bankrupt, MW Corporation, as Specialties' sole stockholder. An injury to a corporation may, to be sure, result in injury to the corporation's stockholders. Such injury, however, is regarded as "indirect", and insufficient to give rise to a direct cause of action by the stockholder. *Kelly v. Thomas*, 234 Pa. 419, 428, 83 A. 307 (1912).

Appellant suggests that in *Porter v. Healy*, 244 Pa. 427, 91 A. 428 (1914), a direct cause of action was found on facts similar to the facts alleged here. In *Porter*, however, the complaining stockholder sold his stock for an inadequate price as a result of a conspiracy among the majority stockholders, 244 Pa. at 438, 91 A. 428, thus suffering an injury

for which he rather than the corporation was entitled to recover damages.

Appellant next argues that even assuming the derivative nature of his action, he met the requirement of Pa.R.Civ.P. 1506(2) by pleading demands on the directors.

Rule 1506(2) refers only to "efforts made to secure enforcement by the corporation;" it does not state what specific efforts must be pleaded, if a stockholder is to state a derivative cause of action. The cases, however, hold that to recover, a stockholder must demonstrate that "he left nothing undone which he might have done to prevail on the corporation to bring such action." *Passmore v. Allentown & R. T. Co.*, 267 Pa. 356, 359, 110 A. 240, 241 (1920); *Hawes v. Oakland*, 104 U.S. 450, 460–61, 26 L.Ed. 827 (1881). In applying this principle, the Supreme Court has held that "where misconduct of the directors themselves is alleged, the bill must show an effort to secure plaintiff's rights through meetings of the corporation." *Wolf v. Pennsylvania R. Co.*, 195 Pa. 91, 94, 45 A. 936, 937 (1900); *Kelly v. Thomas, supra*, 234 Pa. at 428, 83 A. 307. This requirement was underscored by the court in *Passmore v. Allentown & R. T. Co., supra*, where the Court mentioned lack of time for the stockholders to elect new corporate officers as one of the prerequisites for institution of a derivative action. 267 Pa. at 359, 110 A. 240.

Here, as sole stockholder of Specialties, appellant had the power to convene a special meeting of the corporation, and at that meeting, to elect new directors and officers who would halt the activities appellant complained of or seek restitution in the name of the corporation.

In his complaint appellant pleaded no reason for not availing himself of what the lower court aptly termed his "complete and sure remedy as a sole shareholder." (Slip opinion at 5). On appeal he offers the excuse that stockholder action would have been "impractical," because the removal of Specialties' directors would have disrupted its operations and impeded efforts to sell it as a "going concern." Appellant concedes that in a derivative action a

stockholder must demonstrate as a condition precedent that seeking intracorporate action would have been "useless", *Evans v. Diamond Alkali Co.,* 315 Pa. 335, 340, 172 A. 678 (1934). He urges, however, that we interpret this standard broadly, to include situations in which a derivative action would disrupt corporate operations. This interpretation would vitiate Rule 1506(2). An intracorporate dispute will always entail some degree of disruption.

Affirmed.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision in this case.