900 F.Supp. 777 (1994)
In re PHAR-MOR, INC. SECURITIES LITIGATION.
Richard TRIO, on his own behalf and on behalf of all others similarly situated, Plaintiffs,
v.
COOPERS & LYBRAND, Phar-Mor, Inc., Michael Monus, and David S. Shapira, Defendants.
Civ. A. Nos. 92-1938, 94-1002, MDL No. 959, and Master File No. Misc. 93-96.
United States District Court, W.D. Pennsylvania.
August 31, 1994.
*778 *779 Dale J. Belock, Cleveland, OH, for Richard Trio.
Stephen A. Markus, Ulmer & Berne, Cleveland, OH, Robert J. Sisk, Hughes, Hubbard & Reed, New York City, for Coopers & Lybrandt.
Stephen H. Warren, Los Angeles, CA, for Phar-Mor, Inc.
Mark B. Cohen, McCarthy, Lebit, Crystal & Haiman Co., Cleveland, OH, for Michael Monus.
Ronald A. Rispo, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for David Shapira.

OPINION
ZIEGLER, Chief Judge.
Pending before the court is the motion of defendant, David S. Shapira, to dismiss counts I and III of the complaint of plaintiff, Richard Trio, or in the alternative, for summary judgment on those counts. Plaintiff initiated this action by filing a class action complaint in the United States District Court for the Northern District of Ohio on April 21, 1994. Pursuant to the order of the Judicial Panel on Multidistrict Litigation, the action was transferred to this court as part of the above-captioned consolidated securities litigation.
The MDL arises out of the fraud which occurred at defendant, Phar-Mor, Inc., a deep discount drugstore chain. The fraudulent activity occurred over a period of years and was publicly disclosed by Phar-Mor management on August 3, 1992. The fraudulent scheme conveyed a false picture of the profitability of the company and artificially inflated the value of Phar-Mor stock by concealing substantial operating losses and grossly overstating income. Shortly after public disclosure of the fraud, Phar-Mor filed a voluntary petition under chapter 11 of the Bankruptcy Code. See In re: Phar-Mor, Inc., 152 B.R. 924 (N.D.Ohio 1992).
Defendant Michael I. Monus was the Chief Operating Officer of Phar-Mor during the period of the fraud, and is alleged to be a participant in the fraudulent activities. Monus also filed a voluntary petition under chapter 11 of the Bankruptcy Code. Defendant David S. Shapira was the Chief Executive Officer of Phar-Mor during the period of the fraud. Plaintiff alleges that Shapira and others engaged in the "deceptive scheme" at Phar-Mor "at the expense of Plaintiff and others similarly situated". Complaint, ¶ 37.
Defendant Coopers & Lybrand ("Coopers") is an independent public accounting firm and had been engaged by Phar-Mor to audit its financial statements during the period of the fraud. Plaintiff alleges that Coopers negligently failed to uncover the fraud and issued unqualified audit opinions, to the detriment of plaintiff and others similarly situated. Id. at ¶¶ 29-34.
Plaintiff Richard Trio was formerly employed by Phar-Mor as the Vice-President of Human Resources. Id. at ¶ 2. In that position, plaintiff was a stock optionee under the Phar-Mor, Inc. 1984 Stock Option Plan and was entitled to and did receive stock options. Id. As a result of the fraud and resultant diminution in the value of Phar-Mor stock, the stock options held by plaintiff have likewise substantially diminished in value. Trio brings the instant action on his own behalf and on behalf of all similarly situated stock optionees. Id. at 11.
Count I of the complaint asserts a claim against Shapira, Monus and Phar-Mor under section 14(a) of the Securities Exchange Act of 1934 (the "Securities Act"). Count II contains a negligence claim against Coopers only. Count III asserts a claim against Shapira, Monus, Phar-Mor and Coopers under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO").
As rehearsed, Shapira's motion challenges counts I and III of the complaint. Shapira attacks these claims on three fronts. First, he alleges that the claims must be dismissed in the face of a Settlement Agreement and Release entered into between Phar-Mor and Trio at the time of Trio's separation from employment with Phar-Mor. Shapira contends that the Agreement establishes that Trio waived his right to bring the instant claims. Second, Shapira contends that the Securities Act claim is barred by the applicable *780 statute of limitations. Finally, Shapira asserts that Trio lacks standing to assert the RICO claim set forth in count III.
Before we begin our analysis of defendant's motion, we note that Trio has improperly asserted claims against both Phar-Mor and Michael Monus. Because both of these parties are in bankruptcy, the commencement and continuation of this action against them is in violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. We have no jurisdiction to entertain such claims and they will be dismissed sua sponte.
We now turn to Shapira's motion. On a motion to dismiss, we must presume that all factual allegations of the complaint are true and draw all reasonable inferences from the stated facts in favor of the nonmoving party. Rose v. Bartle, 871 F.2d 331, 342 (3d Cir.1989); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989). We cannot grant a 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
Shapira first contends that plaintiff's claims must be dismissed as a result of the Settlement Agreement and Release that Trio entered into with Phar-Mor on August 23, 1993.[1] We disagree. Shapira asserts that, pursuant to the terms of the Agreement, Trio expressly released Shapira "... from any and all rights, claims and demands [of plaintiff], ... arising out of or relating to Trio's employment with Phar-Mor ...". Id. at ¶ 3. Read in isolation, the above language appears to support Shapira's argument. However, we must examine the entire document to determine the intention of the parties. Paragraph 7 of the Agreement provides that:
This Agreement and Release is not intended to and shall not release Phar-Mor from any claims Trio may have to compensation and/or benefits under any plan or arrangement with Phar-Mor....
Examining the facts in the light most favorable to plaintiff, as we must, we conclude that Trio's claims arise out of a stock option plan which was intended as a form of compensation or benefit. Therefore, the Agreement does not deprive plaintiff of the right to bring the claims asserted in this action.
Shapira next contends that the Securities Act claim should be dismissed because it is time-barred. In Westinghouse Electric Corp. v. Franklin, 993 F.2d 349 (3d Cir. 1993), the Court of Appeals held that the applicable statute of limitations for claims brought under § 14(a) is the same as the limitations period for claims brought pursuant to § 10(b) of the Act. A § 14(a) claim must be brought within "one year after the plaintiff discovers the facts constituting the violation, and in no event more than three years after such violation." Id. at 353 (quoting In re Data Access Systems Securities Litigation, 843 F.2d 1537, 1550 (3d Cir.1988), cert. denied, 488 U.S. 849, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988)); see also, Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) (applying the "1-and-3-year" limitations period to a § 10(b) claim).
Trio filed his class action complaint on April 21, 1994, more than one year following Phar-Mor's August 3, 1992 public disclosure of the fraud, and more than one year after plaintiff received a letter from Shapira, dated October 29, 1992, notifying him of the bankruptcy reorganization of Phar-Mor and the continuing fraud adjustments. Complaint, ¶ 24. Therefore, we agree with Shapira and hold that plaintiff's § 14(a) claim is untimely and must be dismissed.
Plaintiff argues in his brief that the limitations period is either one year after discovery of the facts underlying the fraud or within three years of the occurrence of the fraud, and asserts that, because his claim was filed within three years of the fraud, it is *781 timely. Plaintiff misinterprets the applicable law. The Westinghouse and Lampf decisions made clear that a § 10(b) or § 14(a) claim must be brought, in the first instance, within one year of the discovery of the facts underlying the violation. On the other hand, the three-year limitations period acts as an absolute bar and cuts off any claims that are lodged more than three years after the violation occurs, regardless when the underlying facts are discovered. See, Lampf, at 363, 111 S.Ct. at 2782. Thus, a claimant must file a claim both within one year of the discovery of the violation and within three years of the occurrence of the violation. Because plaintiff knew or should have known of the fraud on August 3, 1992, or at the latest October 29, 1992, his § 14(a) claim is time-barred because he did not file the claim within one year of the discovery of the alleged violation. Count I will be dismissed.
Shapira next asserts that Trio lacks standing to bring the RICO claim asserted in count III. In that count, plaintiff alleges that Shapira and the other defendants "entered into a conspiracy, scheme, and plan unlawfully to manipulate the financial statements, or information relative to the financial statements, of Phar-Mor, at the expense of Plaintiff and others similarly situated ... in violation of 18 U.S.C. Section 1961(b)." Complaint, ¶ 42. We agree with Shapira that plaintiff has no standing to assert a RICO claim and we will dismiss count III.
To state a RICO claim, a private plaintiff must allege that he or she suffered an injury "in his business or property by reason of a violation of [18 U.S.C. § 1962]". 18 U.S.C. § 1964(c). The requirements of injury and causation "are aspects of RICO standing." In re: Sunrise Securities Litigation, 916 F.2d 874, 878-79 (3d Cir.1990) (citing Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)). Because plaintiff's claim is based on a federal statute, the issue of standing is a federal question. However, as the Court of Appeals explained in Sunrise Securities, state law should be applied unless it is inconsistent with federal policy. Id. at 879.
Neither party has addressed the choice of law issue and we find that a determination as to whether Ohio or Pennsylvania law is most applicable is unnecessary since both states recognize the general proposition that a shareholder does not have an independent cause of action where an injury to a corporation also results in an injury common to the corporation's shareholders. See, Adair v. Wozniak, 23 Ohio St.3d 174, 23 OBR 339, 492 N.E.2d 426 (1986); Burdon v. Erskine, 264 Pa.Super. 584, 401 A.2d 369 (1979); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1278 (3d Cir.1994) (applying Pennsylvania law).
In Adair, the Ohio Supreme Court held that:
A plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation.
492 N.E.2d at 427. The court noted that:
Where the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders, even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline. The personal loss and liability sustained by the shareholder is both duplicative and indirect to the corporation's right of action.
Id., 492 N.E.2d at 429 (citations omitted).
Similarly, in Burdon, the Pennsylvania Superior Court stated that "[a]n injury to a corporation may, to be sure, result in injury to the corporation's stockholders. Such injury, however, is regarded as `indirect', and insufficient to give rise to a direct cause of action by the stockholder." 401 A.2d at 370 (citing Kelly v. Thomas, 234 Pa. 419, 83 A. 307 (1912)). See also, Jordan, 20 F.3d at 1278 (agreeing with district court's holding that individual stockholders did not have standing to assert a federal claim under 42 U.S.C. § 1983 because an action for an injury *782 to a corporation must be pursued in the name of the corporation).
Various federal appellate courts have reached the same conclusion in cases involving RICO claims brought by corporate shareholders or employees. In the oft-cited case of Warren v. Manufacturers National Bank of Detroit, 759 F.2d 542 (6th Cir.1985), the Court of Appeals, in holding that a corporate employee lacked standing to bring fraud and RICO claims, stated that "[w]here a corporation is defrauded bringing about ultimate bankruptcy, a cause of action exists on the part of the corporation against the wrongdoer." However, "[e]mployees of the corporation who may incidentally lose their jobs ... do not have a claim under RICO simply because the acts of fraud satisfy 18 U.S.C. § 1961(1) ...". Id. at 545.
Similarly, in Roeder v. Alpha Industries, Inc., 814 F.2d 22 (1st Cir.1987), the Court of Appeals affirmed the district court's dismissal of a class action complaint asserting a RICO claim and also claims for securities fraud. The class action was brought by a shareholder of Alpha Industries on his own behalf and on behalf of others similarly situated against Alpha Industries and its officers and directors and sought damages for the diminution in the value of Alpha Industries stock resulting from the fraudulent activity of the defendants. Id. at 23-24. In holding that the plaintiff could not maintain a RICO action in his own right, the Court of Appeals stated that:
A suit under RICO for injuries to the corporation ... can only be brought by the corporation itself or by a shareholder suing derivatively on behalf of the corporation. Rand v. Anaconda-Ericsson, Inc., 794 F.2d 843, 849 (2d Cir.), cert. denied, 479 U.S. 987, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986); Warren v. Manufacturers Nat'l Bank of Detroit, 759 F.2d 542, 545 (6th Cir.1985). Any decline in market price of the shares owned by [plaintiff] and the class he seeks to represent that can be said to have flowed from defendants' actions "merely reflects the decrease in value of the firm as a result of the alleged illegal conduct." Rand v. Anaconda-Ericsson, Inc., 794 F.2d at 849. "It is only where the injury sustained to one's stock is peculiar to him alone, and does not fall alike upon other stockholders, that one can recover as an individual." 12B W. Fletcher, Cyclopedia of the Law of Corporations, § 5913, at 434 (rev. perm. ed. 1984). * * * A RICO action to recover for injury to the corporation "is a corporate asset, and shareholders cannot bring it in their own names without impairing the rights of prior claimants to such assets." Rand v. Anaconda-Ericsson, Inc., 794 F.2d at 849. [Plaintiff's] RICO complaint is not the proper vehicle for shareholders to obtain redress for any damage defendants' activities inflicted upon Alpha.
In sum, [plaintiff] may not maintain an action under RICO in his own right, or on behalf of the limited class of shareholders he seeks to represent, for injury to the corporation and the consequent decline in stock price affecting shareholders generally.
Id. at 29-30 (brackets supplied); see also, Whalen v. Carter, 954 F.2d 1087 (5th Cir. 1992) (shareholders did not have standing to assert RICO claims where racketeering activity was directed towards corporation rather than shareholders); Flynn v. Merrick, 881 F.2d 446 (7th Cir.1989) (shareholders and debenture holders did not have standing to bring RICO action to recover for damages to corporation resulting in diminution in value of shares); Sparling v. Hoffman Construction Co., Inc., 864 F.2d 635 (9th Cir.1988) (shareholders did not have standing to assert RICO claims where only harm they suffered was derivative of that suffered by the corporation).
Pursuant to the above analysis, we hold that Trio does not have standing to assert a RICO claim on his own behalf or as a representative of a class of stock optionees. The instant action is, in all material respects, indistinguishable from the cases we have discussed, and pursuant to either Ohio or Pennsylvania law, plaintiff's injury in the form of a diminution in the value of stock options is derivative of the injuries suffered by Phar-Mor and "merely reflects the decrease in value of [Phar-Mor] as a result of the alleged illegal conduct." Rand, 794 F.2d at 849. As *783 such, only Phar-Mor may assert claims for the diminution in its corporate worth.
Trio contends that he and the putative class members were "directly harmed by the prohibited RICO activity" and that they sustained "direct economic loss as a result of the fraudulent scheme". Plaintiff's Brief in Opposition, p. 5. We have no doubt that plaintiff has suffered a loss because of the fraud and that, in a sense, it is a "direct" loss in that it would not have been incurred but for the fraud. However, it is equally clear that the multi-million dollar fraud was not "directed" towards Phar-Mor's stock optionees, and that the damages sustained by these individuals are merely incidental to and derivative of the injuries suffered by the corporation. The authorities teach that this is precisely the type of injury that must be brought by or on behalf of the injured corporation rather than by shareholders on their own behalf.
Moreover, the fact that plaintiff asserts his claims as a stock optionee rather than as a shareholder has no effect on our determination. The legal status of Trio as a stock optionee is so closely analogous to that of a Phar-Mor shareholder as to make it a distinction without a difference. The value of stock options is dependent upon, and fluctuates in direct proportion with, the value of shares of stock. Clearly, a Phar-Mor shareholder would have no standing to assert claims for the diminution in the value of his or her shares resulting from the fraud. We see no reason why a stock optionee, who claims that his stock options have also diminished in value as a result of the fraud, should be treated any differently. We hold that Richard Trio lacks standing to maintain a RICO claim against defendants and we will dismiss count III of the complaint.
Thus far, we have addressed only the claims brought against Shapira, as the movant, and Phar-Mor and Monus, as bankrupt parties. The remaining defendant, Coopers & Lybrand, is not bankrupt and has not moved for dismissal. Typically then, in the absence of a motion from Coopers, we would not consider whether plaintiff's claims against Coopers should also be dismissed. Here, however, our holding with respect to Shapira establishes, as a matter of law, that plaintiff lacks standing to bring suit against any defendants for the injuries alleged. Where a plaintiff lacks standing to bring a suit, the "case or controversy" requirement of Article III of the Constitution is not satisfied. Consequently, the court has no subject matter jurisdiction over the action. See, e.g., U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988); Diamond v. Charles, 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986). Whenever it appears to the court that subject matter jurisdiction is lacking, the action must be dismissed sua sponte. Carlsberg Resources Corp. v. Cambria Savings & Loan, 554 F.2d 1254, 1256-57 (3d Cir.1977); Fed.R.Civ.P. 12(h)(3).
As rehearsed, Trio lacks standing to bring a RICO claim against Shapira for the injuries that he has sustained as a result of the fraud and consequent decline in the value of his stock options because the law deems such injuries to be indirect and duplicative of Phar-Mor's injuries. It follows that plaintiff lacks standing to bring a RICO claim against any party for the diminution in the value of his stock options. Therefore, count III must also be dismissed against Coopers.
In the same vein, we must determine whether plaintiff has standing to maintain the negligence claim asserted against Coopers in count II. In that count, plaintiff avers that Coopers' negligence induced plaintiff and the putative class members to "maintain their respective stock options to their detriment" and also made it difficult or impossible for plaintiff and the class "to make informed, well-founded, strategic decisions regarding exercising the stock options". Complaint, ¶¶ 33, 34. The averments in count II plainly reveal that, under either Ohio or Pennsylvania law, the losses incurred by plaintiff allegedly resulting from Coopers' negligence are indirect losses and are derivative of the losses sustained by Phar-Mor. In other words, Coopers' alleged negligence resulted in, first and foremost, an injury to Phar-Mor, to-wit, a decline in corporate worth. Plaintiff's losses are merely incidental to that decline. Adair, supra, 492 N.E.2d at 427 (plaintiff/shareholder has no cause of action for injuries sustained as a consequence *784 of the wrongful actions of a third party directed towards the corporation); Burdon, supra. Therefore, count II will be dismissed sua sponte.
We hold that plaintiff lacks standing to bring any claim, either individually or on behalf of a class of stock optionees, for damages resulting from the diminution in the value of stock options in Phar-Mor. We will therefore dismiss plaintiff's complaint in its entirety. An appropriate order will follow.

ORDER OF COURT
AND NOW, this 31st day of August, 1994,
IT IS ORDERED that the motion (document # 1083) of defendant, David S. Shapira, to dismiss the claims alleged against him in the complaint be and hereby is granted.
IT IS FURTHER ORDERED that the claims alleged against defendants, Phar-Mor, Inc. and Michael Monus, be and hereby are dismissed, sua sponte, as they are barred by the stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.
IT IS FURTHER ORDERED that the claims alleged against defendant, Coopers & Lybrand, be and hereby are dismissed, sua sponte, on the basis that plaintiff lacks standing to sue.
NOTES
[1] Because the Settlement Agreement and Release is not referenced or attached to the complaint, but is attached by Shapira as "Exhibit A" to his motion, this argument will be treated as a motion for summary judgment rather than a motion to dismiss.