**Wayne BRADLEY, Appellant**

v.

**ZONING HEARING BOARD OF the BOROUGH OF NEW MILFORD.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2012.

Decided Feb. 25, 2013.

Matthew J. Burne, Scranton, for appellant.

Terry W. Clemons, Doylestown, for appellee Susquehanna County Housing Development Corporation.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge.

OPINION BY President Judge PELLEGRINI.

Wayne Bradley (Objector) appeals the order of the Court of Common Pleas of Susquehanna County (trial court) dismissing his appeal of the New Milford Borough (Borough) Zoning Hearing Board's (Board) decision that granted the application for a variance sought by Susquehanna County Housing Development Corporation (Landowner). We affirm.

Landowner owns the former Southern Tier Plastics plant on a 2.77–acre parcel located at 358 Church Street in the Borough's I–1 (Industrial) zoning district. Landowner intends to remove the industrial building and replace it with a mid-rise apartment building for senior citizens. To that end, on February 8, 2011, Landowner filed an application with the Board for a use variance to redevelop the parcel.

When Landowner's request for a variance was being heard, Objector appeared through counsel both individually and as the owner of Wayne Bradley Trucking and Leasing, Incorporated, a business located in the Borough opposing the grant of the requested variance. Before the Board,

Objector had testified that he does not reside in the Borough but owns property in the Borough at 153 Susquehanna Street which is across the street from Landowner's property which he uses for his business and where his son resides. He testified that his mother and father previously owned the property, his father passed away years ago, and it was devised to him by his mother when she died on September 17, 2010.[1] Nonetheless, on May 9, 2011, the Board granted Landowner's variance application. On June 9, 2011, Objector filed an appeal of the Board's decision granting the variance to the trial court. In that appeal, he alleged that he is the owner and occupant of the premises located at 153 Susquehanna Street in the Borough.[2]

■ While the appeal was pending before the trial court, by deed filed July 12, 2011, the parcel was conveyed by Objector and his mother's estate to H.L. Bradley Farms, Inc. Objector is the President, owner and sole shareholder of H.L. Bradley Farms, Inc. The Board then filed a motion to dismiss Objector's appeal on the basis that Objector lacked standing as an individual because he was not a "person aggrieved" because he did not own any property in the Borough. The trial court issued a rule to show cause upon Objector, returnable on February 19, 2012, as to why Objector's appeal should not be dismissed for Objector's lack of standing. On February 17, 2012, Objector filed an Affidavit of Ownership, explaining that he was the legal owner of the parcel by devise at the time the appeal was filed and that he remained the beneficial owner of the parcel following its conveyance to H.L. Bradley Farm, Inc. because he is the sole owner, shareholder and presiding officer of the corporation. (R.R. at 80a–84a.) However, the corporation never sought leave to appear or to intervene in the appeal, and Objector never sought leave to amend the pleading to prosecute the appeal on the corporation's behalf in his capacity as its sole owner, shareholder and presiding officer. After a hearing, the trial court granted the motion to dismiss and quashed Objector's appeal. This appeal followed.[3]

■ Objector contends that the trial court erred in quashing his appeal because he had standing to file the appeal to the trial court on June 9, 2011, in that on that date, he held legal title to the adjacent

1. However, his mother's will states that the parcel conveyed to Objector is located at 25 Susquehanna Street in the Borough. (N.T. 12/16/11 at 17–18; Reproduced Record (R.R.) at 89a.)

2. Objector filed another appeal of a resolution enacted by the Borough Council's rezoning of Landowner's property, alleging that the resolution purporting to amend the Borough's zoning ordinance and map did not comply with the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202, and the trial court consolidated the appeals for hearing. The trial court dismissed Objector's appeal as frivolous under Section 1003–A(d) of the MPC, added by Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A(d). Ultimately, we reversed the trial court's order and remanded for a

hearing on the merits, concluding that Objector's claim with respect to the effectiveness of the resolution had merit. *Bradley v. New Milford Borough Council,* 47 A.3d 1284 (Pa. Cmwlth.2012).

3. The decision to grant or deny a motion to quash an appeal is a question of law subject to this Court's review. *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Hearing Board of Adjustment of City of Philadelphia,* 951 A.2d 398, 401 n. 8 (Pa.Cmwlth.2008), *aff'd sub nom. Spahn v. Zoning Board of Adjustment,* 602 Pa. 83, 977 A.2d 1132 (2009). Because the trial court considered evidence on the standing issue that the Board did not address, our scope of review is limited to determining whether the trial court committed an abuse of discretion or an error of law in quashing Objector's appeal. *Id.*

property at 153 Susquehanna Street in the Borough as devisee under his mother's will. He also asserts that he maintained standing to prosecute the appeal after he conveyed the adjacent property to H.L. Bradley Farms, Inc. on July 12, 2011, because he has beneficial ownership of the property due to his relationship with the corporation.

■ The owner of property that is adjacent to or abuts the property at issue is "aggrieved" and has standing to appeal a board decision. *Laughman v. Zoning Hearing Board of Newberry Township*, 964 A.2d 19, 22–23 (Pa.Cmwlth.2009); *Orie v. Zoning Hearing Board of Borough of Beaver*, 767 A.2d 623, 625 (Pa.Cmwlth. 2001). To maintain standing, the landowner must continue to possess an interest in the property supporting his standing throughout the appeal process; otherwise, the appeal must be quashed. *Sunnyside Up Corporation v. City of Lancaster Zoning Hearing Board*, 739 A.2d 644, 649 (Pa.Cmwlth.1999), *appeal denied*, 563 Pa. 636, 758 A.2d 666 (2000). *See also Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh*, 554 Pa. 249, 256 n. 6, 721 A.2d 43, 46 n. 6 (1998) (owner of adjoining property during appeals to the trial court and this Court was no longer "aggrieved" when the property was sold to another party during pendency of an appeal to the Supreme Court).

We agree with Objector that he had standing at the time that he filed the notice of appeal in the trial court because he held legal title to the adjoining property sufficient to confer standing. Objector's mother passed away on September 17, 2010, and he was the sole devisee of the property in her will and legal title to the realty of a testatrix passes at her death to her devisees. *See* Section 301(b) of the Probate, Estates and Fiduciaries Code (Code), 20 Pa.C.S. § 301(b) ("Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this code and lawfully by the will and to all orders of the court."); *In re Estate of Peterson*, 168 Pa.Cmwlth. 218, 649 A.2d 1007, 1008 n. 2 (1994), *appeal denied*, 541 Pa. 646, 663 A.2d 697 (1995) ("[A]lthough a devisee acquires legal title to specifically devised real property at the death of the testator, this title is subject to the powers of the personal representative and to all orders of the court until distribution is made. Thus, until distribution is made, the proper source of full legal title is both in the devisee and in the personal representative . . . .") (citations omitted). However, while he had standing to take the appeal, Objector failed to maintain standing after he conveyed the property to H.L. Bradley Farms, Inc.

Even though he sold the property during the pendency of the appeal, Objector contends that he still had standing as a landowner[4] as that term is defined by Section 107(12) of the MPC, 53 P.S. § 10107, as "the legal or beneficial owner or owners of land", as well as "purchasers, optionees and some lessees", and "other persons having a proprietary interest in land". *See Beekhuis v. Zoning Hearing Board of Middletown Township*, 59 Pa.

---

**4.** Section 1004–A of the MPC states, in pertinent part:

Within the 30 days first following the filing of a land use appeal, if the appeal is from a board . . . of a municipality, the municipality and any *owner* or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention. . . . *All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.* (Emphasis added.)

53 P.S. § 11004–A.

Cmwlth. 307, 429 A.2d 1231, 1236–37 (1981) (holding that the statutory definition of "landowner" in Section 107(12) of the MPC is broader in scope than the common law concept of land ownership). He contends that he has standing because he has a beneficial interest in the property of H.L. Bradley Farms, Inc. as an officer and sole owner and shareholder of the company.

▮▮▮▮ First, just because he was an officer of the corporation does not mean that he has standing because officers of a corporation are not deemed to be the owners of corporate property even to the extent that they are shareholders of the corporation. *Barium Steel Corp. v. Wiley*, 379 Pa. 38, 47, 108 A.2d 336, 341 (1954); *Meitner v. State Real Estate Commission*, 1 Pa.Cmwlth. 426, 275 A.2d 417, 419 (1971) (citation omitted). A corporation must be presumed to be an independent entity even if it is solely owned by one person. *Newcrete Products v. City of Wilkes-Barre*, 37 A.3d 7, 12 (Pa.Cmwlth.2012) (citation omitted).[5] In short, "[a] shareholder has no distinct and individual title to the moneys or property of the corporation, nor any actual control over it...." *In re Goetz's Estate*, 236 Pa. 630, 633, 85 A. 65, 67 (1912) (citation omitted).

▮▮▮▮ Second, Objector is not the "beneficial owner" of the corporation's real property to maintain standing to prosecute the instant appeal. Corporations are separate entities from the individuals that own them, and while a sole shareholder may be entitled to all the profits of a corporation, he or she is not the beneficial owner of property that the corporation owns any more than he or she is the "detrimental" owner of any obligations incurred in operating that property.[6] An injury to a shareholder's interest in a corporation's assets does not give the shareholder standing to maintain an action because "[a]n injury to a corporation may, to be sure, result in injury to the corporation's stockholders. Such injury, however, is regarded as 'indirect,' and insufficient to give rise to a direct cause of action by the stockholder." *Burdon v. Erskine*, 264 Pa.Super. 584, 401 A.2d 369, 370 (1979). *See also Estate of*

---

5. As the Supreme Court has explained:

> [T]his legal fiction of a separate corporate entity was designed to serve convenience and justice, and will be disregarded whenever justice or public policy demand and when the rights of innocent parties are not prejudiced nor the theory of the corporate entity rendered useless. We have said that whenever one in control of a corporation uses that control, or uses the corporate assets, to further his or her own personal interests, the fiction of the separate corporate identity may properly be disregarded.

*Ashley v. Ashley*, 482 Pa. 228, 237, 393 A.2d 637, 641 (1978) (citations omitted). *See also Sams v. Redevelopment Authority of the City of New Kensington*, 431 Pa. 240, 244, 244 A.2d 779, 781 (1968) ("The corporate entity or personality will be disregarded only when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime.") (citation omitted). Objector does not argue that the corporate legal fiction should be disregarded under any of the foregoing bases. Rather, Objector's argument is based on his relationship with the separate corporate entity.

6. As the Pennsylvania Supreme Court has explained:

> [I]n our view, one cannot choose to accept the benefits incident to a corporate enterprise and at the same time brush aside the corporate form when it works to their (shareholders') detriment. The advantages and disadvantages of the corporate structure should be seriously considered and evaluated at the time such organization is contemplated and after incorporation has been selected, the shareholders cannot be heard to argue that the courts should not treat them as a corporation for some purposes and as a corporation for other purposes, whichever suits their present economic interest.

*Sams*, 431 Pa. at 244–45, 244 A.2d at 781.

*Raleigh v. Mitchell,* 947 A.2d 464, 470 n. 7 (D.C.2008) (" 'The stockholders are equitable owners of the property and assets of the corporation.' ... However, such equitable interest does not alter the fact that title to corporate property is vested in the corporation, or permit a shareholder to sue on causes of action properly belonging to the corporation.") (citations omitted).[7]

Finally, H.L. Bradley Farms, Inc. never sought to intervene in the appeal before the trial court. Pa. R.C.P. No. 2177 provides that "[a]n action shall be prosecuted by or against a corporation or similar entity in its corporate name." Importantly, Pa. R.C.P. No. 2327(4) provides that "[a]t any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein ... if ... the determination of such action may affect any legally enforceable interest of such person whether or not such person may be legally bound by a judgment in the action." H.L. Bradley Farms, Inc., as the owner of the adjacent property, could have properly intervened in the appeal, in its corporate name, following the conveyance from Objector.

Although Objector appeared before the Board both individually and as the owner of Wayne Bradley Trucking and Leasing, Incorporated, he only appealed the Board's decision to the trial court individually as the owner and occupant of the adjacent property. The present owner of the adjacent property, H.L. Bradley Farms, Inc., has never appeared nor been a party to any of these proceedings, and Objector, individually, cannot prosecute the appeal in the trial court on the corporation's behalf based on any purported injury to the corporation's property. As a result, the trial court did not err in quashing Objector's appeal because he did not have standing to prosecute the appeal following the July 12, 2011, conveyance of the adjacent parcel to H.L. Bradley Farms, Inc.[8]

Accordingly, the trial court's order is affirmed.

### *ORDER*

AND NOW, this 25th day of February, 2013, the order of the Court of Common Pleas of Susquehanna County, dated February 23, 2012, at No. 2011–841–CP, is affirmed.

DISSENTING OPINION BY Judge LEAVITT.

Wayne Bradley transferred real property located at 153 Susquehanna Street in the Borough of New Milford (Property) to H.L. Bradley Farms, Inc., a corporation for which Bradley is the sole shareholder and only corporate officer. Notwithstanding these facts, the trial court dismissed Bradley's land use appeal for lack of stand-

---

**7.** As Objector notes, a beneficial interest in property in the nature of a resulting trust survives conveyance. *Loughney v. Page,* 320 Pa. 508, 510–11, 182 A. 700, 701 (1936). However, Objector alleges that he has a beneficial interest based solely on his relationship with H.L. Bradley Farms, Inc., and not due to the nature of the conveyance of the adjoining property to the corporation. "[T]he mere fact that defendant may have been concerned in the organization of the corporation and may have a substantial interest in its corporate stock, does not of itself create a trust relation between them which renders the conveyance a sham and continues the tax liability of de-

fendant as real owner...." *Great Oak Building & Loan Association v. Rosenheim,* 341 Pa. 132, 135, 19 A.2d 95, 97 (1941).

**8.** *See also Superior Outdoor Signs, Inc. v. Eller Media Company,* 150 Md.App. 479, 499–500, 822 A.2d 478, 490 (2003) (holding that an individual was not an "aggrieved person" possessing standing to appeal a zoning board's decision granting a variance even though he owned the corporation that owned property adjacent to the land that was the subject of the decision).

ing. I would vacate the trial court's order and permit Bradley to amend his pleading.

Bradley acquired legal title to the Property from his mother's estate after she died in 2010. The following year, the Susquehanna County Housing Development Corporation (Landowner) requested a variance to develop land it owns across the street from the Property. Bradley had standing to oppose the variance because of the Property's proximity to Landowner's parcel, and he did so. *See Laughman v. Zoning Hearing Board of Newberry Township,* 964 A.2d 19, 22–23 (Pa.Cmwlth. 2009) (noting that the owner of the property adjacent to, abutting, or in near proximity to the area in question is "aggrieved"). Nevertheless, the Zoning Board granted the variance, and on June 9, 2011, Bradley appealed to the trial court.

On July 12, 2011, while his appeal was pending, Bradley transferred title to the Property to H.L. Bradley Farms, Inc., which Bradley owns, for "accounting ... and business purposes." Supplemental Reproduced Record at 43b–44b. The Board moved to dismiss his appeal for the stated reason that Bradley no longer had standing to appeal because the Property was owned by Bradley Farms, not Bradley. The trial court quashed Bradley's appeal for lack of standing.

The majority affirms the trial court's holding that Bradley lacked standing to continue the appeal he filed. The majority agrees that Bradley had standing when he filed the appeal. Without doubt, a corporation is a legal person that is separate and distinct from its shareholders. *Barium Steel Corporation v. Wiley,* 379 Pa. 38, 47, 108 A.2d 336, 341 (1954).[1] I believe that Bradley has standing for two reasons.

First, he is the only individual with the power to act on behalf of Bradley Farms; he is the corporation's sole shareholder and officer. Second, given his 100% ownership of Bradley Farms, he has a beneficial interest in the Property that is cognizable for purposes of a land use appeal.

Shareholders "have an equitable or *beneficial interest* in the property represented by the shares of stock." *Murray v. City of Philadelphia,* 364 Pa. 157, 166, 71 A.2d 280, 285 (1950)(emphasis added). Section 107 of the Pennsylvania Municipalities Planning Code (MPC) defines a "landowner" as the

> legal or *beneficial owner* ... of land including ... [a] person having a *proprietary interest* in land.

53 P.S. § 10107 (emphasis added). Black's Law Dictionary defines a "beneficial owner" as one who is

> recognized in equity as the owner of something because use and title belong to that person, even though legal title may belong to someone else....

Black's Law Dictionary 1214 (9th ed.2009). Similarly, it defines a "proprietary interest" as

> [a] property right; specif., the interest held by a property owner together with all appurtenant rights....

Black's Law Dictionary 886 (9th ed.2009).

As the sole shareholder and officer of Bradley Farms, Bradley has complete control of the corporation and its property. No one but Bradley has the power to act on behalf of the corporation. There is no question that Bradley, as an officer, can pursue this appeal on behalf of Bradley Farms.

---

1. However, in *Barium* the Supreme Court recognized that in certain instances equity demands "that Courts can go behind the corporate entity" and "treat as identical the corporation and the individual or individuals owning all its stock and assets." *Barium,* 379 Pa. at 47–48, 108 A.2d at 341.

In addition, Bradley retains a beneficial interest in the Property even though it is titled to Bradley Farms because he is the sole shareholder of Bradley Farms. Thus, Bradley's beneficial interest in the Property also gives him standing under the MPC to pursue a land use appeal in his own right.

In holding that Bradley does not have standing, the majority relies upon *Burdon v. Erskine,* 264 Pa.Super. 584, 401 A.2d 369 (1979). First, *Burdon* is not binding on this Court. Second, it is factually distinguishable and inapposite. In *Burdon,* the trustee of a bankrupt corporation filed a direct action against the directors of a wholly-owned subsidiary of the bankrupt corporation for breach of fiduciary duty to the subsidiary, an action normally brought by the subsidiary. The Superior Court agreed that the injury to the subsidiary corporation had also injured its sole stockholder, the bankrupt corporation. However, it concluded that the injury to the bankrupt corporation, which had its own stockholders, was "indirect" and, thus, did not permit it to file a direct action against the subsidiary's officers and directors.

That is not the case here. Bradley is not suing a corporation's officers and directors to redress an injury he sustained in his capacity as shareholder of the corporation. Nor has Bradley filed a derivative shareholder suit whereby he seeks to correct an injury done to the corporation for which the corporation did not take action. Rather, Bradley filed his challenge to the Zoning Board's grant of a use variance that will adversely affect the Property in which he has a "proprietary interest." 53 P.S. § 10107.

There is no question that Bradley had standing to initiate the land use appeal. After he transferred the Property to Bradley Farms, he retained a beneficial interest in the Property as sole shareholder of the corporation. In his answer to the motion to dismiss, Bradley attached an affidavit of ownership, which, on its face, supports his standing. It stated as follows:

1. That I, Wayne E. Bradley, am the Appellant in this action, and I make this Affidavit on behalf of myself as a beneficial owner of the Property located at 153 Susquehanna Street, New Milford, PA, and as the sole owner of H.L. Bradley Farms, Incorporated, a Pennsylvania corporation that is the current record owner of said property, by virtue of a Deed dated July 12, 2011. (Admitted as Appellant's Exhibit 2 at the Hearing of 12/16/11)

2. That I became the legal owner of this Property through a specific devise in the Last Will and Testament of my Mother, Eleanor V. Bradley, upon her death on September 17, 2010. (Admitted as Appellant's Exhibit 1 at the Hearing of 12/16/11)

3. At all times relevant to my Appeal— including the date of the initial Hearing on the Variance Application filed by Susquehanna County Housing Development Corporation on March 10, 2011, the approval of the Grant of Variance by the New Milford Zoning Hearing Board on May 9, 2011, and also at the time of the filing of my Notice of Appeal on June 9, 2011—I was the legal owner of the subject Property by virtue of the said Specific Devise in my late Mother's Will. The Estate was being administered by my Brother, H. William Bradley, at these times.

4. That in a Fiduciary Deed dated July 11, 2011, I joined with the Executor of Eleanor Bradley's Estate to convey legal title of this Property to H.L. Bradley Farm, Inc., a Pennsylvania business corporation in which

**496**

I have sole ownership interest and am the sole shareholder and sole presiding officer. H.L. Bradley Farm, Inc. is registered as a Business Corporation, with Wayne Bradley as its President, with the Pennsylvania Department of State. See the attached Business Name History. (Exhibit "A")

5. I have previously testified to my status as landowner of the Property in the Appeals Hearing of December 16, 2011. (12/16/11 Transcript, page 56, lines 18–19), and for the reasons outlined, believe I have had, and continue to have, standing in this Appeal by virtue of a continuing beneficial interest in said property.

Reproduced Record at 80a–81a.

The trial court dismissed the appeal, holding that Bradley lacked standing. This was error because Bradley was "aggrieved," whether in his individual capacity or in his capacity as the sole owner and corporate officer of Bradley Farms. Land may change hands during an appeal, and litigation rights relating to land are assignable. *See Cole v. Boyd,* 719 A.2d 311, 313–314 (Pa.Super.1998). This is why pleadings may be amended and parties substituted. Pa. R.C.P. No. 2004;[2] *Birdsboro Corporation v. Weng,* 426 Pa.Super. 301, 626 A.2d 1216, 1217 (1993) (holding that once suit has been commenced, "substitution of parties is permissible, it is not essential. [Pennsylvania Rule of Civil Procedure 2004] does not affect the rights of the plaintiff to pursue the remedy for the use of the transferee."). A change in a

property's ownership does not terminate all litigation relating to that property.

I would reverse and allow Bradley to maintain his suit and remand with instructions that Bradley be allowed to amend his pleading to substitute Bradley Farms as the party.

---

2. Pennsylvania Rule of Civil Procedure 2004 states:

> Transfer of Interest in Pending Action If a plaintiff has commenced an action in his or her own name and thereafter transfers the interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

PA. R.C.P. No. 2004.