649 A.2d 1007

In re ESTATE OF Eliza A. PETERSON, Deceased.

St. James Evangelical Lutheran Church, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided Oct. 31, 1994.

Reargument Denied Dec. 21, 1994.

Richard F. Flickinger, for appellant.

Mary P. Portis, for appellee.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

St. James Evangelical Lutheran Church (Appellant) appeals an order of the Court of Common Pleas of Westmoreland County (trial court) which denied its appeal from a notice of appraisement issued by the Commonwealth of Pennsylvania, Department of Revenue (Department) that disallowed $5,837.00 in claimed deductions for expenses resulting from the sale of specifically devised property.

Eliza A. Peterson (testator) died on October 11, 1991. By her will dated May 19, 1983, she specifically devised her residence [1] to Dorothy F. Hedding (Hedding), who was also named as the executrix of her estate. The will also provided that all inheritance, estate, and succession taxes on the specific bequests shall be paid out of the residue of the estate, which was bequeathed to the Appellant.

On December 17, 1991, Hedding sold the specifically devised residence for $72,000.00; Hedding authorized this sale as both executrix of the estate and as the specific devisee. [2]

---

**1.** The subject property is located at 116 North Fairfield Street, Ligonier, Westmoreland County, Pennsylvania.

**2.** Although a devisee acquires legal title to specifically devised real property at the death of the testator, this title is subject to the powers of the personal representative and to all orders of the court until distribution is made. *See* Section 301(b) of the Probate, Estates and Fiduciaries Code (Code), 20 Pa.C.S. § 301(b); 20 Pa.C.S. § 102 (personal representative means an executor or administrator of any description). Thus, until distribution is made, the proper source of full legal title is both in the devisee and in the personal representative. *Maier v.*

The costs of the sale [3] totalling $5,837.00 were deducted from the $72,000 sale price with Hedding receiving a net balance of $66,163.00.[4]

On October 13, 1992, Hedding, in her capacity as executrix, filed a Pennsylvania Inheritance Tax return (tax return) in which she listed the value of the specifically devised real estate as $72,000.00. Hedding also listed on the tax return the $5,837.00 incurred as costs from the sale of the real estate as administrative expense deductions.

On January 26, 1993, the Department issued a notice of inheritance tax appraisement which disallowed the claimed deductions relating to the sale of the specifically devised real estate. The Department explained that "[t]he selling expenses are not allowable deductions when the real estate is a specific bequest according to the will. Therefore, the expenses have been reduced to zero." The disallowance by the Department resulted in an additional assessment of $943.51. The Appellant, as the residuary legatee, filed an appeal from the Department's decision with the trial court.

After hearing, the trial court, by opinion and order dated November 4, 1993, denied the appeal of the Appellant. In so doing, the trial court found that the costs of the sale of the specifically devised real estate were properly borne by Hedding since those costs were deducted from her share of the $72,000.00 received from the sale of the property. The trial court concluded that the value of the property was properly

*Henning*, 525 Pa. 160, 578 A.2d 1279 (1990). Section 3351 of the Code further provides, in relevant part, as follows:

Except as otherwise provided by the will, if any, the personal representative may sell, at public or private sale, any personal property whether specifically bequeathed or not, and any real property not specifically devised, *and with the joinder of the specific devisee real property specifically devised....* (Emphasis added.)

20 Pa.C.S. § 3351.

3. The costs incident to the sale of the specifically devised real estate consisted of the real estate commission, the cost of lien letters, a settlement fee, and a one per cent (1%) transfer tax.

4. Hedding and the Appellant agree that these expenses should be deducted from the proceeds payable to her from the sale of the real estate and should not be paid by the Appellant. (R. 45.)

reported as $72,000.00, such amount representing its fair market value as evidenced by its actual sales price. The trial court also concluded that Hedding's decision to sell the specifically devised real estate was purely personal and in no way affected the estate. The trial court further concluded that since the costs of the sale were borne by Hedding rather than the estate, such costs are not a proper administration expense under Section 2127 of the Inheritance and Estate Tax Act (I & E Tax Act), 72 P.S. § 9127,[5] and therefore that the Department's disallowance of the deduction was correct.

We begin by noting that, other than the costs of selling the specifically devised real estate, no debts, funeral expenses or other administrative costs were claimed as deductions on the tax return filed by Hedding. Because the will directed that the expenses of administering the estate and the debts of the testator are to be paid from the residue of the estate, and the residue was left to the Appellant, the inheritance tax due herein is based upon the taxable value of the specifically devised real estate subject to any possible deductions.

On appeal to this Court, the Appellant argues that the Department erred in determining the tax consequences of the sale of the specifically devised real estate. The Appellant contends that the costs of the sale of the specifically devised real estate should have been deducted as administrative expenses of the estate and that such costs should be deducted from the sales price of the property in the determination of the taxable value of the property ($72,000.00 − $5,837.00 = $66,163.00). The Department contends that the costs of the sale were not necessary expenses pertaining to the administration of the estate and are therefore not deductible, and that

5. Section 2127 of the I & E Tax Act provides, in relevant part, as follows:

The following expenses may be deducted from the value of the property transferred:

(1) Administration expenses. All reasonable expenses of administration of the decedent's estate and of the assets includable in the decedent's taxable estate are deductible.

72 P.S. § 9127.

the proper valuation of the real estate is the sale price of the property. We agree with the Department's contentions.

■■■■ We will first address the Appellant's contention that the value of the real estate was not the actual selling price of $72,000.00 but rather the net proceeds of the sale, $66,163.00. The general rule is that property is valued as of the date of the transferor's death. *See* 72 P.S. § 9121. Section 2102 of the I & E Tax Act defines "value", in pertinent part, as follows:

> The price at which the property would be sold by a willing seller, not compelled to sell, to a willing buyer, not compelled to buy, both of whom have reasonable knowledge of the relevant facts. In determining the value of property, no reduction shall be made on account of income, excise or other taxes which may become payable subsequent to the valuation date by the transferee or out of the property. . . .

72 P.S. § 9102. As the definition states, taxes payable after the valuation date do not reduce the value of the property. Thus, the value of the specifically devised real estate herein is evidenced by its actual sales price. The trial court even noted that Hedding listed the value of the real estate as $72,000.00 on the tax return. The trial court also noted that had Hedding not elected to sell the specifically devised real estate, the tax consequences would still have reflected the value of the property at its fair market value of $72,000.00. Accordingly, the trial court did not err by concluding that the value of the specifically devised real estate was $72,000.00 as evidenced by its actual sales price.

■■■■ We now turn to the Appellant's second contention that the costs of the sale of the specifically devised real estate should have been allowable deductions as administrative expenses of the estate. Section 2127 of the I & E Tax Act provides, in pertinent part, as follows:

> The following expenses may be deducted from the value of the property transferred:

(1) Administrative expenses. All reasonable expenses of administration of the decedent's estate and of the assets includable in the decedent's taxable estate are deductible.

72 P.S. § 9127. It is well settled that expenses necessarily incurred in preserving and distributing the estate may be deducted and that expenditures not essential to the proper settlement of the estate, but incurred for the benefit of the heirs, legatees, or devisees, may not be taken as deductions. *See* Section 506 of Pennsylvania Law Encyclopedia (1961) *citing Lines' Estate*, 155 Pa. 378, 26 A. 728 (1893). Thus, Section 2127 only permits the deduction of reasonable expenses incurred incident to the administration of the estate.

As found by the trial court, the sale of the specifically devised real estate and the cost incurred incident thereto were not necessary to the administration of the estate but reflected the personal wishes of Hedding as the specific devisee. The estate received no benefit from the sale of the specifically devised real estate and the Appellant fails to allege any circumstance which would have necessitated the sale of the property.[6] The estate herein was not legally obligated to liquidate the real estate nor to assume the cost of the sale expenses. Thus, the costs associated with the sale of the specifically devised real estate do not fall within the parameters of Section 2127 and are not deductible against the value of the property.[7] Accordingly, the trial court did not err by concluding that the costs of the sale were not deductible as administrative expenses of the estate and we will affirm the order of the trial court.

**6.** In its brief to this Court, the Department concedes that if the estate had been insolvent, necessitating the sale of the specifically devised residence, the costs associated with that sale would have been a reasonable expense necessary to estate administration and would have been properly deductible as set forth in Section 2126 of the I & E Tax Act, 72 P.S. § 9126. Estate insolvency is not a situation reflected in the facts herein.

**7.** We note that even if the specifically devised real estate was transferred due to necessary estate administration, the taxable value of the property would remain at $72,000.00, but tax deductions for the expenses of the sale would have been permitted.

## *ORDER*

AND NOW, this 31st day of October, 1994, the order of the Court of Common Pleas of Westmoreland County, dated November 4, 1993, is affirmed.