In re ESTATE OF Jason MERRYMAN,
Deceased.

Commonwealth of Pennsylvania,
Department of Revenue,
Appellant.

Commonwealth Court of Pennsylvania.

Argued June 5, 1995.

Decided Dec. 28, 1995.

Nicholas J. Lamberti, Assistant Counsel,
for appellant.

James B. Alexander, for appellee.

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The Pennsylvania Department of Revenue appeals from an order of the Court of Common Pleas of Clarion County, Orphan's Court Division, which dismissed the Department's objection to the petition to compromise filed by the Estate of Jason Merryman (Estate), concerning the deduction, for inheritance tax purposes, of attorney's fees and costs incurred by the Estate in the successful litigation of a wrongful death and survival action.

The stipulated facts are as follows. Jason A. Merryman (Decedent) died as a result of injuries sustained in an April 18, 1992 automobile accident. Decedent, who never married, was survived by two minor children, Justin Merryman and Kara Merryman, and his parents, Karen Merryman and Dennis Merryman. Decedent died intestate, and Karen Merryman was appointed Administratrix of his Estate. On April 14, 1994, the Administratrix filed a wrongful death action on behalf of the minor children and a survival claim on behalf of the Estate against Norman J. Kronister, Jr., the driver of the other vehicle involved in the accident.

Kronister's insurance carrier, Allstate Insurance Company, agreed to settle the law suit for $67,500, with 80% of that amount ($54,000) allocated to the wrongful death claim and 20% ($13,500) allocated to the survival claim. On October 27, 1994, the Administratrix filed a "petition for approval of the compromise of its claims" with the Court of Common Pleas of Clarion County as required by Section 3323 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 3323.[1]

The petition of compromise proposed, *inter alia,* to deduct the entire cost of the litigation, including the total attorney's fee, as "expenses of administration" of the Estate from the survival claim portion of the settlement, which was the only taxable part of the Estate for inheritance tax purposes.

The original amount of the attorney's fee for the litigation brought on behalf of both the Estate and the minor children was based upon a one-third contingency fee agreement; however, the attorney agreed in the petition to reduce his fee to $15,000, plus reimbursement of any costs advanced. Thus, the $15,000 fee constitutes 22.22% of the entire settlement of $67,500. The one-third contingency fee would have been $22,500, in addition to costs.

The Office of Chief Counsel for the Department timely objected to the Estate's proposal to deduct as an expense 100% of the attorney's fee and litigation costs against the survival claim portion of the settlement.[2] On November 17, 1994, the Orphan's Court dismissed the Department's objections. It is this order which is now appealed to our Court.

The Department argues that the Estate cannot claim a deduction for inheritance tax purposes of 100% of the litigation expenses arising from both the wrongful death claim and survival claim, where the settlement for the two claims is an 80%/20% apportionment. Specifically, the Department asserts that the

---

1. Section 3323 requires court approval for any proposed compromise or settlement affecting an estate. Since survival actions are intended to preserve the estate and protect the creditors and beneficiaries, court approval is needed for any type of settlement of survival claims. *Moore v. Gates,* 398 Pa.Superior Ct. 211, 580 A.2d 1138 (1990), *petition for allowance of appeal denied,* 527 Pa. 617, 590 A.2d 758 (1991). Moreover, where the case involves a single settlement amount for both a wrongful death claim and a survival action, the court must approve the apportionment of the amount allotted to the survival claim. *Id.*

2. The Department did not object to the *80%/20%* allocation in favor of the wrongful death claim or the reasonableness of the attorney's fee, nor did it contest the medical expenses, outstanding debts or administrative costs.

Excluding the settlement funds, the probate assets and liabilities are as follows:

| | |
|---|---|
| Assets | $ 679.57 |
| Medical expenses | $7097.23 |
| Outstanding debts | $ 173.25 |
| Cost of Administration | $ 314.97 |

(Stipulation of Facts Nos. 14–18.)

The Pennsylvania Department of Public Welfare (DPW) originally objected to the Estate's proposed settlement, but DPW withdrew its objection when Allstate agreed to pay the Estate $4,000, which was then remitted to DPW, in settlement for the medical expenses.

litigation expenses pertaining to the wrongful death suit are not a "reasonable expense of administration" for probate purposes under Section 2127 of the Inheritance and Estate Tax Act (Act),[3] and further, are specifically disallowed as a deduction for litigation expenses pursuant to Section 2130 of the Act, 72 P.S. § 9130, because the expenses were incurred solely for the benefit of the minor beneficiaries. Additionally, the Department argues that under an equitable "common settlement fund" theory, the deduction of the entire amount of the attorney's fee from the taxable survival action claim is erroneous and patently unfair.

This is case of first impression for this Court. Although common pleas courts have addressed comparative situations, none have addressed the particular issues raised in the instant case. Due to the melange of concepts involved, a brief explanation of the basic consequences of the underlying tort settlement are in order.

 Awards pursuant to wrongful death claims pass outside of the decedent's taxable probate estate under Pennsylvania's inheritance tax provisions, and any claims by a decedent's creditors cannot be made against a wrongful death award. The Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301(b).[4] Damages recovered under a wrongful death action are compensation to individual members of the decedent's family for the pecuniary loss sustained by the death of the decedent. *Tulewicz v. Southeastern Pennsylvania Transportation Authority,* 529 Pa. 588, 606 A.2d 427 (1992). Survival actions, on the other hand, are brought by the administrator of the estate to benefit the decedent's estate. *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994); *see also* the Pennsylvania Survival Act, 42 Pa.C.S. § 8302. These two actions are designed to compensate two different categories of claimants: the spouse and/or members of the decedent's family, on the one hand, and on the other, the decedent through the legal representative of his or her estate. *Id.*

### REASONABLE EXPENSES OF ADMINISTRATION

The Department first argues that the trial court erred in allowing 100% of the attorney's fee incurred in the wrongful death and survival actions to be deducted as an administration expense. The Department asserts that only 20% of the litigation expenses, or $3,000, should be allowed as a deduction for inheritance tax purposes because the tort settlement allotted only 20% of the award to the survival claim, the only asset which benefits the Estate; since the award attributable to the wrongful death action does not fall within the taxable estate of the Decedent, neither should the attorney's fee be deductible as an "administrative expense," under Section 2130 of the Act, 72 P.S. § 9130.[5]

---

3. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 9127.

4. Section 8301(a) and (b) state in relevant part that:

 **Death Action**
 (a) **General Rule.**—An Action may be brought ... to recover damages for the death of an individual caused by the wrongful act....
 (b) **Beneficiaries.**—[T]his section shall exist only for the benefit of the spouse, children or parents of the deceased.... The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy *and without liability to creditors of the deceased person....* (Emphasis added.)

5. The Department relies upon *Fidelity–Philadelphia Trust Co. v. Staats,* 358 Pa. 344, 57 A.2d 830 (1948) for the definition of "expenses of administration." *Fidelity* interpreted Section 1602 of

the Death Statute, Act of April 1, 1937, P.L. 196, *as amended,* 12 P.S. § 1602, which was subsequently replaced by 42 Pa.C.S. § 8301(d) on December 10, 1982. The Department's reliance on this case and statute is misplaced. Section 8301 states that a death action may be brought for the death of an individual and states in part:

 (d) **Action by personal representative.**—If no person is eligible to recover damages under subsection (b), the personal representative of the deceased may bring an action to recover damages for reasonable hospital, nursing, medical, funeral expenses and *expenses of administration* necessitated by reason of injuries causing death.
 42 Pa.C.S. § 8301(d) (emphasis added).
 Section 8301 relates to the type of damages a personal representative may claim from the person or entity which has been found to be liable, in part or in full, for the decedent's death, and it does not in any manner relate to the definition of "administrative expenses" under Section 2127 of

The relevant sections of the Inheritance and Estate Tax Act are as follows:

**Section 2127:**

The following expenses may be deducted from the value of the property transferred:

(1) Administration expenses. All reasonable expenses of administration of the decedent's estate and of the assets includable in the decedent's taxable estate are deductible.

72 P.S. § 9127

**Section 2130:**

The following are not deductible:

. . . .

(3) Litigation expenses of beneficiaries.

72 P.S. § 9130

█ The law is clear that expenses incurred to preserve and distribute the estate, that is, costs incidental to the administration of the estate, may be deducted, whereas costs incurred which are not necessary for the resolution of the estate, such as expenses for the sole benefit of the legatees, devisees or heirs, are not deductible. *In re Estate of Peterson,* 168 Pa.Cmwlth. 218, 649 A.2d 1007 (1994), *petition for allowance of appeal denied,* 541 Pa. 646, 663 A.2d 697 (1995).[6]

█ The expenses at issue in this case are litigation expenses. The question is, whether the results of the litigation benefitted the estate or did it benefit an individual beneficiary or set of beneficiaries, or both? *Craig Estate,* 10 Pa.D. & C.3d 154 (1978).[7] Only litigation expenses which benefit the estate are deductible as administrative expenses. *Id.* For example, it is well-established that attorney fees incurred in a will contest, are not deductible, because the litigation is not for the benefit of the estate, but for a particular beneficiary. 72 P.S. § 9130; *In Line's Estate,* 155 Pa. 378, 26 A. 728 (1893).

█ In the instant case, it is clear that the survival action benefited the Estate and that the settlement of the wrongful death claim solely benefited the beneficiaries,[8] and, we therefore must conclude that the part of the attorney's fees incurred in pursuit of the wrongful death claim is not a deductible expense of the administration and the trial court erred in allowing it to be taken as a tax deduction.

The Estate argues that *Williams Estate,* 42 Pa.D. & C.2d 169 (Phila.Orphans Court 1967) and *Baur Estate,* 13 Fiduciary Rep.2d 275 (Montgomery County Orphans Court 1993), support the trial court's decision that

the Inheritance and Estate Tax Act, the pertinent statute in this case.

6. *Peterson* involved an administratrix who was also the sole devisee of the decedent's residence. The administratrix sold the property and deducted the expenses involved with the sale from her inheritance tax liability. We held that the costs incurred for the sale were not deductible because the sale did not benefit the estate, but, rather, benefited the devisee as an individual beneficiary. Moreover, the Court noted that the Department distinguished this situation from a circumstance in which an estate is insolvent and the sale is necessary for adequate distribution of the estate. The Department conceded that the cost of the sale by necessity would have been deductible.

7. In *Craig Estate,* Harry Bamber was accused of murdering the decedent who had left her entire estate to him. The estate consisted of bank deposits and real estate located in Virginia. The decedent's family retained an attorney whose fee was based upon a contingency fee agreement of 40% of the award. The attorney received a de-

claratory judgment determination that the decedent had been domiciled in Pennsylvania and therefore the Slayer's Act was applicable, which disqualified Bamber from receiving his share of the estate. The attorney also filed a survival claim against Bamber, which amounted to an award of $3,825 for the estate. The heirs attempted to deduct the total amount of the attorney's fee for inheritance tax purposes; however, the court only allowed the full amount of the attorney's fee associated with the survival action (40% of $3,825) to be deducted, and only one half of the attorney's fees relating to the declaratory judgment award because the declaratory judgment essentially involved a contest among the beneficiaries. Without the declaratory judgment, there would have been no estate for Pennsylvania to tax in the first place. Since the declaratory judgment benefited both the estate and the beneficiaries, the attorney expenses were equally apportioned.

8. It is inconsequential that the "actual" beneficiaries of the wrongful death claim are the same as the "actual" beneficiaries of the survival action.

all of the attorney fees are deductible. It asserts that these decisions hold that a deduction for an attorney's fee which relates to the administration of non-probate, nontaxable, assets may be taken as a deduction for inheritance tax purposes.

Both *Baur* and *Williams,* however, are factually distinguishable from the facts presented in this appeal and are limited thereby. Further, to the extent that they would hold that all litigation costs associated with non-taxable and non-probate assets are tax deductible under the Act, we decline to follow them.

### ALLOCATION OF LITIGATION EXPENSES

The Department requests this Court to permit a deduction for attorney's fees of 20% of the attorney's fee charged, since the settlement apportioned only 20% of the settlement to the survival action, which is the only taxable portion of the settlement. We agree that such apportionment is an equitable solution. Therefore, $3000.00 (20% of $15,000— the total amount of the attorney's fee) is deductible for inheritance tax purposes.

Accordingly, the order of the Court of Common Pleas is reversed.

### ORDER

NOW, December 28, 1995, the order of the Court of Common Pleas of Clarion County in the above-captioned matter is hereby reversed.