626 A.2d 1216

## BIRDSBORO CORPORATION

v.

## Simon X. WENG and R.W. McPherson, t/d/b/a R.W. McPherson & Associates.

### Appeal of Simon X. WENG.

Superior Court of Pennsylvania.

Submitted April 5, 1993.

Filed June 16, 1993.

302

See also 413 Pa.Super. 651, 596 A.2d 248.

Robert X. Medonis, Pittsburgh, for appellant.

Charles W. Robinson, Pittsburgh, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge.

The appeal in this action is from an order which, following jury trial, awarded to R.W. McPherson & Associates, Inc. the sum of forty thousand ($40,000.00) dollars which had been paid into court, and denied a claim made thereto by Simon X. Weng.

The case involved a dispute about which claimant was entitled to commissions from the sale of machinery to the Shanghai Alloy Works, a business located in the People's Republic of China. Birdsboro Corporation admitted that it owed the commissions but, by action in equity commenced on November 6, 1986, asked the court to determine which claimant or claimants were entitled to receive the same. On November 26, 1986, Birdsboro was permitted to pay the sum of forty thousand ($40,000.00) dollars into court, and the claimants were required to interplead their claims. Shortly before trial, Weng moved in limine to prevent testimony by R.W. McPherson on grounds that R.W. McPherson & Associates, Inc., and McPherson, individually, had assigned their interest in the fund to Charles W. Robinson, Esquire, as payment of fees. Robinson explained during a pre-trial conference that the assignment was intended to cover charges appearing on monthly invoices and that all of said charges had been paid. Accordingly, he said, he had no present interest in the fund. The trial court denied Weng's motion in limine and allowed McPherson to testify at trial. Following trial, the funds were awarded to McPherson. Post-trial motions were denied.

Weng argues on appeal that the disposition of his motion in limine was erroneous and that the trial court erred when it refused to allow evidence of an assignment to be submitted to the jury. He argues that the trial court's rulings on this issue prevented his raising the statute of limitations as a defense against the real party in interest. Because there is no merit in this contention, we affirm.

Pa.R.C.P. 2004 is applicable to transfers of interest and provides as follows:

If a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

From this it is apparent that, although a substitution of parties is permissible, it is not essential. The rule does not affect the rights of the plaintiff to pursue the remedy for the use of the transferee. The substantive rights of the parties, thus, are not affected by an assignment of the claim, and the plaintiff, in any event, has the burden of proving his claim. Finally, the transfer of a claim for which an action has been timely filed does not permit the defendant to raise against the transferee the defense of a statute of limitations which expired after commencement of the action and prior to transfer. As has been observed by 6 Goodrich–Amram 2d § 2004:10,

When the action is properly begun by a real party in interest who thereafter assigns all or part of his interest, the addition or substitution of the assignee pursuant to Rule 2004 does not bring upon the record for the first time a person entitled to prosecute the action against the defendant nor does it change the cause of action in suit. It merely brings upon the record the successor or partial successor of one who was qualified to prosecute the action against the defendant and who had already done so within the statutory period. It is therefore immaterial whether

the transferee of an interest in an action is brought upon the record before or after the expiration of the period of the applicable statute of limitations.

■ In the instant case, it is apparent that the merits of the dispute were not affected in any way by the procedural issue of whether the action was to be pursued in the name of McPherson or its lawyer. The action had been instituted by McPherson within the time allowed by the statute of limitations and whether any part of the McPherson claim had been assigned thereafter was immaterial to a determination of the substantive rights of the parties to the moneys paid into court.

Affirmed.