**Richard A. COLE, M.D., FACP, Richard A. Cole, M.D., Inc.**

v.

**Chris BOYD, Fred Lessinger, B & L Medical Inc., Pie Medical, Inc.**

**Appeal of Richard A. COLE, M.D.**

Superior Court of Pennsylvania.

Submitted July 6, 1998.

Filed Aug. 19, 1998.

Richard A. Cole, M.D., in propria persona, appellant.

Robert A. Sambroak, Jr., Erie, for Boyd, Lessinger and B & L Medical, appellees.

Thomas Smolinski, Pittsburgh, for PIE Medical, appellee.

Before POPOVICH, SCHILLER and BECK, JJ.

POPOVICH, Judge:

The plaintiffs, Richard A. Cole, MD and Richard A. Cole, MD, Inc.,[1] appeal the order granting a Motion to Dismiss by the defendants, Chris Boyd, Fred Lessinger, B & L Medical, Inc., Pie Medical, Inc. on the basis that "Plaintiff Richard A. Cole, MD is the real party in interest in this litigation ... [and a] party cannot be dismissed with prejudice for failing to follow ... [Pa.R.Civ.P. 2002—Prosecution of Actions by Real Parties in Interest]." We reverse.

The record reveals that the plaintiffs instituted suit against the defendants on December 11, 1995, seeking rescission of a contract and damages. Thereafter, various pleadings were filed and culminated in a Motion to Dismiss by the defendants on January 20, 1998, asserting that:

4. On June 6, 1996 Richard A. Cole, M.D., individually and as president and CEO of Richard A. Cole, M.D., Inc., allegedly executed a document entitled Assignment of Claims before a notary public thereby assigning this claim as well as others to a person, allegedly his brother Steven P. Cole. The Assignment of Claims [reads:

I, Richard A. Cole, M.D., individually and as President and chief executive officer of Richard A. Cole, M.D., Inc., hereby assign to Stephen P. Cole, any claims, judgments, settlements or any other gains, but no liabilities, stemming from the matters now being litigated or litigated in the period 1996 through 1999 in the Court of Common Pleas of Erie County, Pennsylvania or in the United States District Court for the Western District of Pennsylvania wherein Richard A. Cole, M.D. or Richard A. Cole, M.D., Inc. is a party.

Executed on June 6, 1996 /s/ Richard A. Cole, MD].

5. At no time during the time that this claim has been litigated by the Plaintiffs has Steven P. Cole, the real party in interest, appeared before this Court or been named as a party in any pleadings in this Court.

6. . . .

7. As of June 6, 1996, the Plaintiffs have maintained no right to litigate these causes of action against the Defendants herein.

8. The Plaintiffs['] litigation of these actions violates Pennsylvania Rule of Civil Procedure 2002.

Defendants' Motion to Dismiss, 1/20/98, Paragraphs 4–8.

The Plaintiff Richard A. Cole, MD admitted "assign[ing] whatever benefits ar[o]se from this litigation ... to Steven P. Cole...." See Appellants' Opposition To Motion To Dismiss, etc., at Paragraph 2. As a result, the trial court concluded, in light of the assignment of "any claim" in the present litigation to Steven P. Cole, the plaintiff Richard A. Cole, MD, individually and as CEO of Richard A. Cole, MD, Inc., "gave up any right he had to ... this chose in action." In support thereof, the trial court incorporated its rationale appearing in a related case *Cole v. Carlson* (No. 14990 of 1995, filed February 9, 1998) involving Richard A. Cole, MD; to-wit:

The dictionary defines an assignment as "[t]he act of transferring to another all or part of one's property, interest, or rights ..." BLACK'S LAW DICTIONARY 79–80 (abr. 6th ed.1991). The Pennsylvania Rules of Civil Procedure provide that "[e]xcept as otherwise provided ... all actions shall be prosecuted by and in the name of the real party in interest ..." Pa.R.Civ.P.2002(a). Black's defines the real party in interest to be the "[p]erson who will be entitled to benefits of action if

---

**1.** This action was filed originally in the name of "Richard A. Cole, MD, Inc." The "corporation is now defunct" and Richard A. Cole, MD, is the party/appellant seeking review of the trial court order dismissing his suit. See Appellants' Brief at 7.

successful ... [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question". BLACK'S LAW DICTIONARY 874 (abr. 6th ed.1991).

... [S]ince Cole assigned his individual rights, as well as the Corporation's rights regarding this claim to Stephen P. Cole, neither Cole nor the Corporation are [sic] entitled to the benefits of this action and are barred from prosecuting it by the Pennsylvania Rules of Civil Procedure.

Cole argues that he comes within one of the exceptions to the general rule listed in Pennsylvania Rule of Civil Procedure 2002. The first exception states:

> (b) A plaintiff may sue in his own name without joining ... any person beneficially interested when such plaintiff
>
> (1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading ...

Pa.R.C.P.2002(b)(1). Here, Cole fails to come within the exception because he is neither a fiduciary nor a representative of Steven P. Cole. Further, he has never disclosed any such purported relationship in any of the pleadings or captions filed in this Court.

The next exception reads:

> (b) A plaintiff may sue in his own name without joining ... any person beneficially interested when such plaintiff ...
>
> (2) is a person with whom or in whose name a contract has been made for the benefit of another.

Pa.R.C.P.2002(b)(2).

Cole, being the plaintiff in this action, cannot be a "person with whom or in whose name" a contract was made. The only contracts alleged in this case are the contract [sic] whereby the Corporation agreed to provide services to the patient in return for payment, which provides the basis of this suit, and that contract whereby Cole and the Corporation assigned all of their assets or gains to Steven P. Cole. Cole does not come within this section. Further, he has never alleged that there is any contract in his name which was executed for the benefit of another.

Exception "c" also fails to apply. Pa. R.C.P.2002(c). Cole has not alleged, nor is the Court aware of, any statute or ordinance which allows him to bring this suit when he is not the party in interest.

The last exception in Rule 2002 declares that the general rule that all actions shall be prosecuted by and in the name of the real party in interest "shall not be mandatory where a subrogee is a real party in interest." Pa.R.C.P.2002(d). Where, as here, there is no evidence of a subrogation agreement between Cole and Steven P. Cole, none will be presumed. This exception does not apply.

In conclusion, Dr. Richard A. Cole is not the real party in interest in the suit to collect accounts receivable, nor does he come within any of the exceptions to the rule. As such, he has no right to bring this suit in his individual capacity.

*Id.* at 3–5. We disagree. In doing so, we see no need to decide whether the plaintiff Richard A. Cole, MD is the "real party in interest" pursuant to Pa.R.Civ.P.2002.

▆▆▆ To explicate, since the assignment was made after the suit was instituted, Pa. R.Civ.P.2004 and not Rule 2002 (as relied upon by the trial court and the litigants) is controlling as to the party-plaintiff. *The McKenzie Co. v. Fidelity & Deposit Co. of Md., et al.*, 54 Dauphin Cty. Rptrs. 294, 298 (1943). Rule 2004 reads:

> If a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

▆▆▆ The language of Rule 2004 is clear in not requiring that, once a transfer of an interest occurs by a plaintiff after an action has commenced, a transferee be named as a co-plaintiff or substituted as plaintiff. *Birdsboro Corp. v. Weng*, 426 Pa.Super. 301, 626

A.2d 1216, 1217 (1993) (Substitution of parties, once suit has been commenced "is permissible, it is not essential [under Rule 2004]."); *The McKenzie Co., supra*; 3 P.L.E. Assignments, § 92 at 206–207 ("Under this rule [2004], it is not mandatory for the assignee to be substituted as plaintiff or joined as co-plaintiff, and the fact that the plaintiff and assignee choose to continue the action in the name of the original plaintiff cannot be construed as a fraud upon the court, nor does it render the proceeding defective or create an infirmity in the judgment." (Footnote omitted)); C.J.S. 6A Assignments, § 106 at 767 (*"Assignment after suit brought.* Where an assignment is made by plaintiff in an action after commencement of the suit, the assignee acquires the right to control the action, and his rights as assignee will be protected; and where authorized by statute, an assignee of an interest in a pending action has the option of being substituted in the action or continuing it in the name of his assignor." (Footnotes omitted)).

Our review of the pertinent Rules of Civil Procedure and scant case law leads us to conclude that the substantive rights of the parties are not affected by the assignment of Richard A. Cole, MD's "benefits"[2] to Stephen P. Cole. The reason is clear: The plaintiff Richard A. Cole, MD still has the burden of proving his claim for rescission based on fraud and non-performance, as well as damages due to trespass, non-performance of a contract, conversion and interference with a contract against the defendants as a sine qua non to securing the relief requested. *Birdsboro Corp., supra.* Further, premised upon the fact that the plaintiff Richard A. Cole, MD seeks to pursue his claims does not in any way preclude a full and fair hearing on a defense to the action by the defendants. Finally, the facts do not constitute sufficient justification for the trial court's grant of the defendants' Motion to Dismiss *with prejudice.*

■ Our Rules of Civil Procedure forbid such a disposition, not heretofore addressed by an appellate court, as contrary to the accepted practice and procedure regarding the institution of suit and subsequent assignment of the party-plaintiff's claim to a third-party/assignee. *Id.*

Accordingly, with the trial court's error in dismissing the plaintiffs' complaint with prejudice, we reverse and remand for reinstatement of the lawsuit, with the allowance of the defendants (if they so choose) to petition the trial court to direct the assignee to be substituted as plaintiff or joined as a co-plaintiff.[3]

Order reversed, case remanded for a procedendo, and jurisdiction is relinquished.

---

**2.** At oral argument on the defendants' Motion to Dismiss, the plaintiff Richard A. Cole, MD stated: "I assigned my benefits in this action—I did not assign any liabilities. My brother is not stepping in to assume my liabilities. I am the nominal party in interest. * * * And my brother has taken good care of me over the last many years, and I assigned the rights to this case to him in return for the moneys he's given me, for giving me a place to live and so forth." N.T. 2/2/98 at 6.

**3.** Finding merit in the plaintiff Richard A. Cole, MD's initial claim we have no need to address the second issue raised.