778 A.2d 621

**Richard A. COLE, M.D., Appellant,**

**v.**

**Kirk PRICE, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 12, 2001.

Decided July 25, 2001.

Richard A. Cole, pro se.

Laurie C. TeWinkle, Erie, for Kirk Price.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION*

ZAPPALA, Justice.

This appeal raises the limited issue of whether Pennsylvania Rule of Civil Procedure 2004 (Transfer of Interest in Pending Action) applies if an assignment of interest in a cause of action occurs while the action is pending before the district justice court. We hold that Rule 2004 is applicable under these circumstances and therefore an action can proceed in the name of the original plaintiff if the cause of action is assigned after the complaint is filed in district justice court. Accordingly, we reverse that portion of the Superior Court order, which affirmed the common pleas court's dismissal of Appellant's action.

On April 30, 1996, Richard A. Cole, M.D., Appellant, filed a complaint in district justice court against Kirk Price, Appellee, to recover unpaid fees for medical services rendered.[1] An "Assignment of Claims" was executed on June 6, 1996, whereby Appellant assigned to his brother, Steven P. Cole, all of the proceeds, but no liabilities, arising from any litigation in the Court of Common Pleas of Erie County and in the U.S. District Court during the period of 1996 through 1999, wherein Appellant was a party. On the same date, Appellant also executed a "Subrogation Agreement," which expounded on the Assignment of Claims agreement and provided that Steven P. Cole would continue to obtain the benefits of the stated

1. Appellant has been involved in extensive litigation to recoup medical fees from former patients. The instant case is one of five actions brought by Appellant that were consolidated on appeal to Superior Court. This appeal, however, involves solely the action against Kirk Price.

litigation until he had been repaid the sum of $30,000, plus interest.

On June 10, 1996, the district justice entered a notice of judgment in favor of Appellant and against Price in the amount of $5,559.94. Price filed a notice of appeal and ruled Appellant to file a complaint in common pleas court. On July 17, 1998, Appellant filed a *pro se* complaint in common pleas court. Price subsequently filed a motion to dismiss the action, contending that Appellant was not the real party in interest and therefore could not pursue his claim. He relied on Pennsylvania Rule of Civil Procedure 2002 (Prosecution Of Actions By Real Parties In Interest. Exceptions), which provides that all actions shall be prosecuted by and in the name of the real party in interest.[2] Appellant countered that he and his brother had rescinded their previous assignment and subrogation agreements. Appellant maintained that, therefore, he continued to be the real party in interest and could prosecute the actions in his name.

The trial court granted Price's motion to dismiss, holding that any attempt to rescind the assignment was a nullity because one party had already fully performed, i.e., Steven Cole had remitted $30,000, yet had never received any proceeds from the lawsuits commenced by Appellant. The court concluded that Steven Cole remained the real party in interest and therefore Appellant could not pursue those claims in his name. Significant to the instant appeal, the trial court also examined Pennsylvania Rule of Civil Procedure 2004, which provides as follows:

### Rule 2004. Transfer of Interest In Pending Action

If a plaintiff has commenced an action in his or her own name and thereafter transfers the interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

2. Rule 2002 also sets forth limited exceptions that are not relevant here.

The court found this rule inapplicable due to its finding that Appellant had transferred his interest in the action *prior* to filing suit.

As noted, the instant case was consolidated on appeal to Superior Court with four other cases filed by Appellant against former patients, all of which were dismissed with prejudice by the common pleas court. The Superior Court affirmed in part and reversed in part. *Cole v. Price,* 758 A.2d 231 (Pa.Super.2000). The court affirmed the common pleas court's dismissal of the instant action and two other actions brought by Appellant (*Cole v. Beverly and Gary Sackett,* 565 Pa. 635, 771 A.2d 1277 (2001) and *Cole v. Margaret Marther,* 565 Pa. 634, 771 A.2d 1277). Initially, it agreed that the attempted rescission of the assignment was a nullity. Finding the assignment still valid, it held that the *Price, Sackett* and *Marther* actions were properly dismissed because the complaints were filed in common pleas court after the June 6, 1996 assignment transferring all of Appellant's rights to collect monies allegedly due from former patients. It concluded that, as such, Rule 2004's allowance of the lawsuits to continue, despite a change in party-plaintiff, is rendered inapposite because the change/assignment preceded the initiation of the suits. *Id.* at 235. Thus, Appellant's brother remains the real party in interest under Rule 2002 and must prosecute those cases in his name and not that of Appellant. *Id.*

The Superior Court reversed and remanded, however, as to two other actions brought by Appellant, where the complaints were filed in common pleas court prior to the June 6, 1996 assignment (*Cole v. Colonna,* 565 Pa. 634, 771 A.2d 1277 (2001) and *Cole v. Catalone,* 565 Pa. 634, 771 A.2d 1277 (2001)).[3] It relied on *Cole v. Boyd,* 719 A.2d 311 (Pa.Super.1998), where the Superior Court held that Rule 2004 does not require that a transferee be named as co-plaintiff or substituted as plaintiff

---

3. It noted, however, that Appellant may not continue to represent his brother on remand as such constituted the unauthorized practice of law. Appellant did not seek allocatur on this issue.

when a plaintiff transfers an interest *after* the action has commenced.[4]

Stated differently, Rule 2004 permits an action to proceed in the name of the original plaintiff if the assignment of interest occurred after the plaintiff has "commenced an action." In his *pro se* appeal to this Court,[5] Appellant argues that because he filed his complaint in district justice court before he assigned his rights to his brother, Rule 2004 applies and the Superior Court's decision in *Cole v. Boyd,* should control. We agree.

Pennsylvania Rule of Civil Procedure 2001 defines "action" as "any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules." Pa.R.C.P.2001. Appellant's April 30, 1996 complaint in district justice court therefore commenced a civil action, which was appealed to the common pleas court, a court of record subject to the rules of civil procedure. Contrary to the lower court's conclusions, this occurred *prior* to the June 6, 1996 transfer of his rights to his brother. Under these circumstances, Rule 2004 permits the action to proceed in Appellant's name, although his brother is now the real party in interest. The Superior Court therefore erred in focusing solely upon the date Appellant's complaint was filed in common pleas court.

Accordingly, we reverse that portion of the Superior Court order that affirmed the common pleas court's dismissal of Appellant's action.

---

**4.** In fact, Appellant was the plaintiff in *Cole v. Boyd,* yet another action where Appellant sought unpaid fees from former patients unrelated to those involved in the appeals consolidated before Superior Court.

**5.** Price did not file an appellate brief in our Court.