**Sovereign Bank, N.A. v. Hawkins**

*Thomas A. Fosnocht, Jr.,* for appellant
*Alexander Z. Talmadge, Jr.,* for appellee

TUCKER, *J.,* March 4, 2013—

## I. Procedural History & Facts

This matter comes before the court on appeal from the dismissal of Sovereign Bank's (hereinafter referred to as "appellant") complaint in mortgage foreclosure (hereinafter referred to as the "complaint") against Harold Hawkins and Bessie Luffborough (hereinafter referred to as "appellees"). Order entered by J. Tucker (12/07/2012). The court, upon consideration of appellees' preliminary objections, sustained the preliminary objections and entered an order in favor of appellees. *Id.* The basis of that ruling is on appeal.

On October 18, 1990 appellee Hawkins executed and delivered to Liberty Bank, for value received, a home equity line revolving loan agreement (herein after referred to as the "agreement") with a credit limit of twenty-five thousand dollars ($25,000). Compl. filed notice given (07/18/2012). Appellees also executed and delivered to Liberty Bank an advance money mortgage (hereinafter referred to as the "mortgage") securing repayment of the agreement by encumbering the premises known as 3037 N. 15th Street, Philadelphia, PA 19132. *Id.* The mortgage was duly recorded in the Department of Records and for the County of Philadelphia on the following day. *Id.* Sometime thereafter, Liberty Bank merged with First Union National Bank (hereinafter referred to as "First

Union"), and as a direct result, the agreement and mortgage and attendant rights, title, and interest were transferred from Liberty Bank to First Union. *Id.* On January 18, 1999, First Union assigned the agreement and mortgage to appellant (hereinafter referred to as the "assignment"), which described the subject premises and was recorded on March 29, 1999. *Id.*

On December 7, 2011 appellees defaulted on the agreement and mortgage. Compl. filed notice given (07/18/2012). On February 22, 2012, appellant sent a notice of intent to foreclose by first class and certified mail, addressed to appellees at the subject premises. *Id.* On July 18, 2012, appellant commenced a civil action in the court of Common Pleas of Philadelphia County, demanding an in rem judgment against appellees. Commencement of civil action (07/18/2012). Pursuant to the terms of the agreement and mortgage, appellant sought judgment in the amount of thirty thousand four hundred and sixty dollars and thirty-two cents ($30,460.32), which represents the outstanding principal, interest, attorney's fees and other costs of collection. Compl. filed notice given (07/18/2012).

On September 24, 2012, the court entered an order permitting appellant to seek default judgment in the underlying mortgage foreclosure matter because the subject property was not residential and/or not owner occupied. Order entered by J. Rizzo (09/24/2012). Accordingly, appellant entered default judgment against appellees on October 1, 2012. J. by default (10/01/2012). On October 2, 2012, appellees filed preliminary objections to the complaint, arguing inter alia that appellant lacked

standing because it failed to prove chain of title. Prelim. objections (10/02/2012). The response date for appellees' preliminary objections was October 22, 2012. *Id.* appellees subsequently filed a petition to open default judgment. Petition to open (10/05/2012). appellees' preliminary objections were assigned to the instant court on October 24, 2012. Prelim. obj. assigned (10/24/2012). As the preliminary objections were filed premature, the court declined to rule on the preliminary objections until after the resolution of appellees' petition to open default judgment.

On November 8, 2012, the court entered an order granting appellees' petition to open judgment. Order entered by J. Tucker (11/08/2012). On November 15, 2012, appellant filed its response to appellees' preliminary objections. Ans. to preliminary objections (11/15/2012). The court thereafter entered an order sustaining appellees' preliminary objections and dismissing appellant's complaint in mortgage foreclosure with prejudice. Order entered by J. Tucker (12/07/2012). For reasons unknown, the order dated November 5, 2012 was docketed on December 7, 2012. *Id.*

Appellant timely appealed the court's December 7, 2012 order. Appeal to Superior Court (01/04/2013). The court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b) ("1925(b) statement"). Order entered by J. Tucker (01/17/2013). On February 05, 2013, appellant filed its 1925(b) statement. The court will not reproduce the entire statement per its usual custom, but instead includes

an abbreviated version of appellant's alleged errors. On appeal, appellant submits that the court improperly dismissed the complaint on the basis of appellees' lone substantive preliminary objection - that appellant failed to attach the written assignment of appellees' mortgage and note from Liberty Bank to First Union because:

> [T]here was no assignment from Liberty to First Union. As stated in paragraph 6 of the complaint, First Union was the "successor by merger" to Liberty Bank... Documents evidencing that a Bank is a "successor by merger" to another Bank are not required to be attached to a complaint in mortgage foreclosure. See, Pa. R.C.P. 1147(a).

1925(b) statement filed (02/05/2013)(emphasis retained). After careful review, the court finds this claim without merit. A discussion ensues:

## II. Legal Analysis

*a. The court properly sustained appellees' preliminary objections and properly dismissed appellant's complaint with prejudice.*

Under the Pennsylvania Rules of Civil Procedure, a party may file preliminary objections to any pleading for "lack of jurisdiction over the subject matter of the action" and "lack of capacity to sue." Pa.R.C.P. 1028(a)(1), (5). The Pennsylvania Supreme court summarized the standing requirement as follows:

> The core concept of standing is that "a party who is not negatively affected by the matter he seeks to

challenge is not aggrieved, and thus, has no right to obtain judicial resolution of his challenge." A litigant is aggrieved when he can show a substantial, direct, and immediate interest in the outcome of the litigation. A litigant possesses a substantial interest if there is a discernible adverse effect to an interest other than that of the general citizenry. It is direct if there is harm to that interest. It is immediate if it is not a remote consequence of a judgment.

*In re Milton Hershey School*, 911 A.2d 1258, 1261-1262 (Pa. 2006). (Citations omitted). Actions in mortgage foreclosure are governed by Pa.R.C.P. 1147. As with other civil actions, a mortgage foreclosure action may only be pursued by a real party in interest to the underlying mortgage. Pa. R.C.P. 2002. Only the real party in interest has standing and the capacity to sue in an action in mortgage foreclosure. Litigants must aver to their standing or capacity to sue in pleadings filed of record in court. To this end, Pa.R.C.P. 1019 provides, in relevant part, the following:

**Rule 1019. Contents of Pleadings. General and Specific Averments**

\*\*\*

(g) Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any

matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

\*\*\*

(i)   When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019(h), (i) (bold in original).

The linchpin of the instant appeal is the propriety of the court's finding that appellant failed to establish standing in the absence of documentation evidencing a transfer of the agreement and mortgage from Liberty Bank to First Union. According to appellant, there was no "'assignment or transfer' of the loan documents from Liberty Bank to [First Union]" because "[First Union] was the successor to Liberty Bank, not its assignee." Ans. to preliminary objections (11/15/2012). As such, appellant submits it was not required to furnish more than the assignment from First Union to appellant to show a proper chain of title of the loan documents from Liberty Bank to appellant. *Id.* In making this argument, appellant's relies on a perceived distinction between an assignment and a succession by merger, suggesting that the former is contractual and the latter statutory. *Id.* The merits of this argument notwithstanding, appellant has not provided the court with an evidentiary basis to render a judgment in its favor.

Appellant aptly recites the requirements of Pa. R.C.P. 1147(a)(1), which governs actions in mortgage foreclosure. Appellant argues that Pa.R.C.P. 1147 does not require a plaintiff to file documentation of successions by merger. Ans. to preliminary objections (11/15/2012). The court agrees that Pa.R.C.P. 1147 does not specifically state that documentation of mergers be filed with the complaint in mortgage foreclosure. Pa.R.C.P. 1147. The court also agrees with appellant that the essential purpose of Pa.R.C.P. 1147 is "to enable a defendant and the court to know the right by which a plaintiff seeks to enforce a mortgage." Ans. to preliminary objections (11/15/2012). However, appellant conveniently fails to account for the significance of the absence of evidence documenting the purported "succession by merger" between Liberty and First Union.

Pa. R.C.P. 2002 states, "[e]xcept as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P. 2002. In *Cole v. Boyd*, 719 A.2d 311, 312-313 (Pa. Super. 1998), the Superior Court indicated that a real party in interest is a "[p]erson who will be entitled to benefits of action if successful...[A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." (Quotation marks and quotation omitted). It is well known that a party is allowed to litigate as a real party in interest after becoming the assignee of a mortgage. *Id.* at 313-314 (discussing Pa.R.C.P. 2004, which govern transfers in interest that occur after an action is commenced). However,

where an action is commenced by an entity, as here, which does not provide proper documentation of its right-either by chain of assignment, subrogation, or merger-that party has not established that it is a real party in interest, and therefore lacks standing and capacity to sue.

Here, appellees executed an agreement and mortgage in favor of Liberty Bank in 1990. At some point in time, First Union allegedly became the successor in interest to Liberty Bank. Neither the complaint nor appellant's multiple filings in this matter contain any documentation of the alleged succession of interest from Liberty Bank to First Union. To the contrary, the complaint provides that "Equibank" is the successor in interest to Liberty Savings Bank. compl. filed (07/18/2012)("Home equity revolving loan agreement" executed in 1992). In 1999, First Union assigned its alleged rights in the agreement and mortgage to appellant as a successor; this assignment is filed of record as recorded in Philadelphia County in 1999. appellees defaulted on their loans in 2011. The instant complaint in mortgage foreclosure was filed in 2012. Pursuant to Pa.R.C.P. 1019, appellant did not file of record any support for its averment that First Union was a successor in interest to Liberty Bank. As a practical matter, if a prior purported "real party in interested" [sic] could not establish standing by virtue of the nature of its interest, appellant could not assert a greater interest. For example, had this lawsuit been filed in the name of First Union, it necessarily would have been obligated to include information concerning the legal relationship between itself and the original mortgagee. Appellant bears the same burden of proof with respect to every link in the

chain of assignment, regardless of remoteness.

Simply put, there are no facts of record establishing that appellees had a duty to pay First Union and not Liberty Bank. The assignment between First Union and appellant does not establish this fact. Nevertheless, appellant resolutely adhered to its position that it was not necessary to provide proper documentation of the relationship between Liberty Bank and First Union; there is no authority for this proposition. Appellant may, in fact, be qualified to bring suit as a real party in interest as a result of First Union's status as "successor in by merger," but appellant declined the opportunity to try to prove it has standing, instead resolving to withhold essential information, which might have simply been proven by furnishing evidence of the merger agreement, a certified copy of a certificate of corporate existence, or other self-authenticating record demonstrating this change. Therefore, appellant has not established that it is the real party in interest to this instant action pursuant to Pa.R.C.P. 2002; notwithstanding the language of Pa.R.C.P. 1147, which governs actions in mortgage foreclosure, appellant has not established that it has the capacity to sue. Therefore, the court properly sustained Appellee's preliminary objections with prejudice as provided in Pa.R.C.P. 1028.

## III. Conclusion

Appellant failed to establish that it was the real party in interest to the underlying complaint in mortgage foreclosure. Therefore, the court properly sustained appellees' preliminary objections with prejudice. The court's ruling should stand.