J-A23009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., S/B/M TO<br>BAC HOME LOANS SERVICING, L.P.,<br>F/K/A COUNTRYWIDE HOME LOANS<br>SERVICING, L.P., | :<br>:<br>:<br>:<br>: | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| Appellees | :<br>: | |
| v. | :<br>: | |
| WILLIAM C. ELLSWORTH, A/K/A<br>WILLIAM C. ELLSWORTH, JR., AND<br>TERESA A. ELLSWORTH, | :<br>:<br>:<br>: | |
| Appellants | : | No. 1395 WDA 2014 |

Appeal from the Order entered on August 4, 2014
in the Court of Common Pleas of Allegheny County,
Civil Division, No. MG-13-000449

BEFORE: GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 17, 2015**

William C. Ellsworth a/k/a William C. Ellsworth, Jr., and Theresa A. Ellsworth (collectively "the Ellsworths") appeal from the Order denying their Petition to Set Aside Sheriff's Sale and Default Judgment. We affirm.

The trial court set forth the relevant underlying facts as follows:

On March 27, 2013, Bank of America, N.A. ("BANA") filed a Mortgage Foreclosure Action against the Ellsworths with respect to [a Federal Housing Administration ("FHA")] Mortgage that had been assigned to BANA. [The subject property is located at 490 Herbst Manor Road, Coraopolis, Pennsylvania.] The Assignment to BANA was recorded in the Allegheny County Recorder of Deeds Office on April 18, 2012. [The Ellsworths failed to make their monthly payments beginning on September 1, 2012.] After commencing th[e] action, BANA assigned the mortgage to Nationstar Mortgage, LLC ("Nationstar")[,] pursuant to an

Assignment recorded in the Allegheny County Records of Deeds Office on July 23, 2013.

The Ellsworths did not respond to the mortgage foreclosure complaint and, on July 2, 2013, a[n *in rem*] default judgment was entered against them in the amount of $308,477.19. The judgment was assigned to Nationstar pursuant to an Assignment of Judgment recorded September 19, 2013. The Ellsworths filed an Emergency Motion to Stay the Sheriff Sale, which was scheduled to occur on October 7, 2013. The Emergency Motion to Stay was granted and the Sheriff's Sale was continued. The Ellsworths' home was ultimately sold at Sheriff's Sale on January 6, 2014.

The Ellsworths filed a Petition to [S]et [A]side the Sheriff's Sale and Default Judgment on February 4, 2014[,] arguing that [BANA] did not have jurisdictional standing to file this action, and thus, could not enter a judgment against the Ellsworths. [On April 28, 2014, BANA filed a Praecipe to Substitute Nationstar as the plaintiff of record. The Ellsworths did not object.] After argument and briefing by the parties, t[he trial c]ourt denied the Ellsworths' Petition by Order dated August 4, 2014. The Ellsworths filed a Notice of Appeal[.]

Trial Court Opinion, 12/1/14, at 1-2 (unnumbered).

The trial court ordered the Ellsworths to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement. The Ellsworths filed a timely Concise Statement and the trial court issued an Opinion.

On appeal, the Ellsworths raise the following questions for our review:

1. Did the lower court err when it held that [BANA's] [S]heriff's [S]ale should not be set aside?

2. Were [BANA] and Nationstar [] indispensable parties at the time of the Default Judgment and Sheriff's Sale?

3. When the mortgage contract only authorizes a foreclosing plaintiff to collect unliquidated, reasonable foreclosure fees that are incurred for services performed, but the foreclosing plaintiff in the complaint demands fixed fees, does the

Prothonotary have the Article V power to ignore the contract and enter a default judgment of a sum certain or is that judgment void?

4. Did the lower court err when it overlooked the correct FHA laws and non-record facts were deemed part of the record?

Brief for Appellants at 2.

The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law.

***Nationstar Mortgage, LLC v. Lark***, 73 A.3d 1265, 1267 (Pa. Super. 2013) (some citations omitted).

In their first claim, the Ellsworths contend that the trial court erred in failing to set aside the sheriff's sale. Brief for Appellants at 9, 15. The Ellsworths point out that because the property in question involved an FHA mortgage, BANA and Nationstar was required to afford them pre-forclosure rights as set forth in HUD regulations. ***Id***. at 10-14. The Ellsworths argue that these federal regulations preempt state pre-foreclosure laws and thus, must be applied to save homes from foreclosure. ***Id***. at 14-15. The Ellsworths claim that BANA was required to plead compliance with HUD

regulations in its Complaint, pursuant to Pa.R.C.P. 1147. Brief for Appellants at 14. The Ellsworths primarily rely upon **Everbank v. Chacon**, Boston Housing Court No. 13-SP-50 (June 19, 2013) (Winik, F.J.), and **Fleet Real Estate Funding Corp. v. Smith**, 530 A.2d 919 (Pa. Super. 1987), to support their argument. Brief for Appellants at 9-12.

Here, the trial court addressed the Ellsworths' claims and correctly determined that they are without merit. **See** Trial Court Opinion, 12/1/14, at 2-4 (unnumbered); **Smith**, 530 A.2d at 922-23; **see also Wells Fargo Bank, N.A. v. Gilroy**, 2015 WL 4680780, at *3 (Pa. Super. 2015) (concluding that appellant's claim that VA foreclosure law "trumps" Pennsylvania law, requiring the bank to send her a pre-foreclosure notice that complied with VA foreclosure laws and regulations was waived because she waited five years after entry of judgment before filing her petition to strike). Thus, we adopt the sound reasoning of the trial court for the purpose of this appeal. **See** Trial Court Opinion, 12/1/14, at 2-4 (unnumbered).

As an addendum, we note that the plain language of Pa.R.C.P. 1147 contains an exhaustive list of what must be pleaded in a complaint for a mortgage foreclosure action. **See** Pa.R.C.P. 1147. In point of fact, compliance with HUD regulations is not an averment required under

Pa.R.C.P. 1147.[1] Here, BANA fulfilled all of the requirements of Rule 1147 in its Complaint for mortgage foreclosure. Moreover, as noted by the trial court, the Ellsworths could have asserted non-compliance with the HUD regulations as a defense, but failed to do so. **See Smith**, 530 A.2d at 923 (holding that "a mortgagor of an FHA-insured mortgage may raise as an equitable defense to foreclosure, the mortgagee's deviation from compliance with the forbearance provisions of the HUD Handbook and regulations."); **see also Resolution Trust Corp. v. Copley Qu-Wayne Assocs.**, 683 A.2d 269, 275 (Pa. 1996) (noting that "it is improper to consider the equities of the matter in a petition to strike[.]"); **Gilroy**, 2015 WL 4680780, at *3 (stating that while equitable defense raise important concerns, they are not jurisdictional in nature and can be waived). Thus, we conclude that the Ellsworths' first claim is without merit.[2]

---

[1] We also note that the HUD regulations were not a condition precedent that must be pleaded under Pa.R.C.P. 1019(c).

[2] The Ellsworth also rely upon **U.S. v. Buskell**, 2014 WL 1765386 (E.D. Pa. 2014), to support their claims. However, it is well-settled that "[d]ecisions of the federal district courts are not binding authority for this Court[.]" **Huber v. Etkin**, 58 A.3d 772, 779 n.7 (Pa. Super. 2012). Nevertheless, upon our review of **Buskell**, we conclude that its reasoning is inapplicable to this case. In **Buskell**, the federal district court denied the mortgagee's motion for default judgment without prejudice and directed the mortgagee to file a new motion with instructions to attach specific exhibits. **Buskell**, 2014 WL 1765386, at *8. In this case, default judgment had already been entered and the property in question had already been sold at a Sheriff's Sale. Thus, the reasoning in **Buskell** cannot be applied to this case, as the Ellsworths failed to raise the issue of the HUD regulations in response to the mortgage foreclosure Complaint, and the Ellsworths have not met their burden to set aside the sale. **See Smith**, 530 A.2d at 923.

In their second claim, the Ellsworths contend that BANA and Nationstar are indispensable parties to this action as both had an enforceable interest in the Ellsworths' note and mortgage. Brief for Appellants at 15, 17; **see also id**. at 15-16 (wherein the Ellsworths argue that this claim is not waived because it involves the jurisdiction of the court). The Ellsworths point out that while BANA assigned the mortgage and note to Nationstar in June 2013, BANA continued to litigate its mortgage foreclosure action without adding Nationstar as a party. **Id**. at 15. **Id**. at 15-16. The Ellsworths claim that BANA and Nationstar have advanced conflicting and overlapping interests with respect to which mortgagee is entitled to foreclose. **Id**. at 17.

All actions shall be prosecuted by and in the name of the real party in interest. Pa.R.C.P. 2002. "A real party in interest in any given contract or chose in action is the person who can discharge the duties created and control an action to enforce rights." **JP Morgan Chase Bank, N.A. v. Murray**, 63 A.3d 1258, 1263 (Pa. Super. 2013). However,

> [i]f a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

Pa.R.C.P. 2004. "The language of Rule 2004 is clear in not requiring that, once a transfer of an interest occurs by a plaintiff after an action has

commenced, a transferee be named as a co-plaintiff or substituted as plaintiff." *Cole v. Boyd*, 719 A.2d 311, 313 (Pa. Super. 1998).

BANA instituted the underlying foreclosure action on March 27, 2013. Thereafter, BANA assigned the mortgage and note to Nationstar on June 19, 2013.[3]  On July 2, 2013, after the Ellsworths did not respond to the mortgage foreclosure complaint, an *in rem* default judgment was entered against them in the amount of $308,477.19.  Prior to the Sheriff's Sale, on September 19, 2013, BANA filed a praecipe to assign the default judgment to Nationstar.  Thereafter, the Ellsworths home was sold by Sheriff's Sale on January 6, 2014.

Here, BANA was permitted to remain the named party in the action, despite having assigned the mortgage to Nationstar.  *See Cole*, 719 A.2d at 314 (stating that under "rule [2004], it is not mandatory for the assignee to be substituted as plaintiff or joined as co-plaintiff, and the fact that the plaintiff and assignee choose to continue the action in the name of the original plaintiff cannot be construed as a fraud upon the court, nor does it render the proceeding defective or create an infirmity in the judgment."); *see also* Pa.R.C.P. 2004.  Further, the Ellsworths have not pointed to any rule or case law that imposes a time limit within which Nationstar, as the successor in interest, was required to substitute itself as a party in the action.  *See, e.g.,* Pa.R.C.P. 2352, **Substitution of Successor**.  Indeed,

---

[3] The assignment of the mortgage was recorded on July 23, 2013.

the Ellsworths, who were on notice of the assignment, never demanded that Nationstar be substituted as a party. *See* Pa.R.C.P. 2352(b) (stating that "[i]f the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts[,] shall enter a rule upon the successor to show cause why the successor should not be substituted as a party."). Moreover, contrary to the Ellsworths' bald argument, there is no evidence that Nationstar and BANA have conflicting and overlapping interests. Based upon the foregoing, we conclude that the fact that BANA continued as the named plaintiff in this case despite assigning the mortgage to Nationstar did not affect the substantive rights of the Ellsworths. *See Cole*, 719 A.2d at 314 (noting that the failure to substitute the successor in interest as the plaintiff did not change the fact that the plaintiff still had to prove his case, and the defendant had a full and fair hearing to present its defense). Thus, the Ellsworths' second claim is without merit.[4]

In their third claim, the Ellsworths contend that the Prothonotary did not have authority to enter default judgment in this case. Brief for Appellants at 17, 19. The Ellsworths argue that the Prothonotary engaged in judicial functions in determining attorneys' fees when entering the judgment.

_____

[4] We note that the Ellsworths have cited to numerous Civil Rules as part of their argument. However, a review of the rules demonstrates that they do not entitle the Ellsworths to relief.

*Id*. at 17-18.  As a result, the Ellsworths assert that the default judgment must be stricken.  *Id*. at 18-19.

> Default judgments generally are governed by the Pennsylvania Rules of Civil Procedure and are entered by prothonotaries and without judicial involvement.  Such judgments are not judicial orders and are not subject to an immediate appeal after their entry; rather, to obtain relief, the party against whom the judgment was entered may either file a petition to strike the default judgment or file a petition to open the default judgment.  Once a court of common pleas rules on one of these petitions, then the aggrieved party has a right to an appeal to a higher court pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(1).

*EMC Mortgage, LLC v. Biddle*, 114 A.3d 1057, 1061 (Pa. Super. 2015) (citations omitted).

Here, the Ellsworths did not file a petition to open or strike the default judgment and did not raise this claim until filing their Petition to Set Aside the Sheriff's Sale.  *See* Trial Court Opinion, 12/1/14, at 5 (unnumbered) (stating that the Ellsworths claim regarding the Prothonotary's entry of default judgment was waived); *see also Biddle*, 114 A.3d at 1061 (stating that "to obtain relief, the party against whom the judgment was entered may either file a petition to strike the default judgment or file a petition to open the default judgment."); *id*. at 1063-64 (stating that a judgment should only be stricken if it is defective on its face and that a judgment need not be stricken where the only alleged error is the amount entered).  Nevertheless, our review of BANA's Complaint and the entry of the *in rem* default judgment discloses that BANA never sought attorneys' fees in

seeking judgment in the amount of $308,477.19.[5] **See** Complaint, 3/27/13, at 3 (unnumbered); **see also Gilroy**, 2015 WL 4680780, at *6 (stating that there was no reason to modify the amount of judgment as "the prothonotary entered judgment in the precise amount prayed for in the complaint."). Indeed, the Ellsworths have not cited to any place in the record demonstrating that the default judgment included attorneys' fees, or that the Prothonotary made any calculations in entering the default judgment. **See** Pa.R.A.P. 2119(a). Thus, the Ellsworths are not entitled to relief on their third claim.

In their final claim, the Ellsworths contend that the trial court improperly reached its decision by relying on incorrect HUD Handbook provisions and facts that were not part of the record. Brief for Appellants at 19, 21. The Ellsworths argue that the trial court ignored the applicable HUD regulations, which are binding on state courts. **Id**. at 21.

The Ellsworths failed to raise this claim in their Rule 1925(b) Concise Statement. **See** Concise Statement, 9/17/14. Thus, the Ellsworths' claim is waived on appeal. **See Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007) (stating that "any issue not raised in an appellant's Rule 1925(b) statement will be deemed waived for purposes of appellate review.").

---

[5] On September 19, 2013, BANA assigned the default judgment to Nationstar in the amount of $308,477.19.

- 10 -

Moreover, the Ellsworths reiterate their argument from their first claim by asserting that the trial court erred in refusing to set aside the Sheriff's Sale. *See* Brief for Appellants at 19-22. However, as noted above, we have already concluded that the trial court did not abuse its discretion in denying the Ellsworths' Petition to Set Aside the Sheriff's Sale. Thus, we cannot grant the Ellsworths relief on their final claim.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/17/2015</u>

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

BANK OF AMERICA, N.A. s/b/m to BAC )     CIVIL DIVISION
HOME LOANS SERVICING, LP f/k/a )
COUNTRYWIDE SERVICING, LP )
    )
    )
           Plaintiff, )     No. MG 13-000449
    )
    )
     v. )
    )
    )
WILLIAM C. ELLSWORTH, a/k/a WILLIAM C. )
ELLSWORTH, JR., and THERESA A. )
ELLSWORTH )
    )
    )
         Defendants. )

## OPINION

MARMO, J.

November 25, 2014

      The Defendants, William C. Ellsworth a/k/a William C. Ellsworth, Jr. and Theresa A. Ellsworth (collectively, the "Ellsworths"), appeal from this Court's Order dated August 4, 2014 which denied the Ellsworths' Petition to set aside Sheriff's Sale and Default Judgment. The property subject to the Sheriff's Sale was the Ellsworths' residence located at 490 Herbst Manor Road, Coraopolis, Pennsylvania 15108.

      On March 27, 2013, Bank of America, N.A. ("BANA") filed a Mortgage Foreclosure Action against the Ellsworths with respect to an FHA Mortgage that had been assigned to BANA. The Assignment to BANA was recorded in the Allegheny County Records of Deeds Office on April 18, 2012. After commencing this action, BANA assigned the mortgage to Nationstar Mortgage, LLC ("Nationstar") pursuant to an Assignment recorded in the Allegheny County Records of Deeds Office on July 23, 2013.

The Ellsworths did not respond to the mortgage foreclosure complaint and, on July 2, 2013, a default judgment was entered against them in the amount of $308,477.19. The judgment was assigned to Nationstar pursuant to an Assignment of Judgment recorded September 19, 2013. The Ellsworths filed an Emergency Motion to Stay the Sheriff Sale, which was scheduled to occur on October 7, 2013. The Emergency Motion to Stay was granted and the Sheriff's Sale was continued. The Ellsworths' home was ultimately sold at Sheriff's Sale on January 6, 2014.

The Ellsworths filed a Petition to set aside the Sheriff's Sale and Default Judgment on February 4, 2014 arguing that the Plaintiff did not have jurisdictional standing to file this action and, thus, could not enter a judgment against the Ellsworths. After argument and briefing by the parties, this Court denied the Ellsworths' Petition by Order dated August 4, 2014. The Ellsworths filed a Notice of Appeal on August 22, 2014 raising a number of issues for review.

The Ellsworths first contend that BANA accelerated and/or foreclosed on the Ellsworths' FHA loan without providing them with a face-to-face meeting in violation of HUD regulations. They cite to a Massachusetts court decision for the proposition that this failure constitutes a jurisdictional defect under federal law.

We are bound by the appellate decisions in this state which hold federal law does not mandate that a mortgagee comply with the HUD Handbook provisions and regulations prior to foreclosing on an FHA-insured mortgage. *See Fleet Real Estate Funding v. Smith*, 530 A.2d 919, 922-923 (Pa. Super. 1987). Rather, the HUD Handbook is merely a statement of HUD policy, which does not have the force of law and which does not establish procedural prerequisites to foreclosure. *See Fleet*, 530 A.2d at 922-923. Therefore, the failure to schedule a face-to-face meeting with the Ellsworths by itself does not compel this Court to set aside the default judgment or Sheriff's Sale.

Although the HUD Handbook and regulations do not have the force of law, a trial court may still exercise its equity powers to restrict a mortgagee when it has been determined the mortgagee has flagrantly disregarded the forbearance provisions of the HUD Handbook. *See Fleet*, 530 A.2d at 922-923. In the *Fleet* case, our Superior Court reversed the trial court's grant of summary judgment for a mortgagee in a foreclosure action. In doing so, the court concluded that a mortgagor may raise deviation from compliance with the forbearance provisions of the HUD Handbook as an equitable defense to foreclosure. *See id* at 924.

The Ellsworths argue that this Court erred in failing to follow the ruling in *Fleet*, but that is simply not the case. This Court did consider the *Fleet* case and found it to be distinguishable. In the *Fleet* case, the mortgagor raised the mortgagee's failure to service her FHA-insured mortgage in accordance with federal law as a defense to the foreclosure action. *See id.* at 919-921. By failing to respond to the Plaintiff's Complaint in this case, however, the Ellsworths have waived this equitable defense to foreclosure and the default judgment must stand.

Additionally, a petition to strike a judgment may only be granted when a fatal defect or irregularity appears on the face of the record. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917 (Pa. 1997). When deciding whether a fatal defect appears on the face of the record, this Court can only look at what was in the record when the default judgment was entered. See *Cintas*, 700 A.2d at 917. The allegation that the record fails to demonstrate the Ellsworths were provided with loss mitigation options is not part of the record and cannot be considered in deciding whether to strike the default judgment.

Although the Ellsworths' claim that the record fails to show they were provided with loss mitigation options cannot be considered to set aside the judgment, it can be considered with respect to the Ellsworth's request to set aside the Sheriff's Sale. Pennsylvania Rule of Civil

Procedure 3132 provides that "upon petition of any party in interest...the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." *See* Pa.R.C.P. 3132.

Although courts may apply equitable principals in determining whether to set aside a sheriff's sale it "does not change the fact that the proceeding in one for the law side of the court." *Scott v. Adal Corp.*, 419 A.2d 548, 550 (Pa. Super. 1980). The court may only set aside a sheriff's sale upon the showing of very explicit and blatant circumstances that trigger equitable considerations. The burden of proof rests with the Ellsworths to show by clear and convincing evidence that the circumstances warrant the relief requested. *See Jefferson Bank v. Newton Assocs.*, 686 A.2d 834, 838 (Pa. Super. 1996). The Ellsworths have failed to meet this burden.

This is not a situation where the mortgagee has acted in bad faith or with flagrant disregard for the Handbook and regulations. To the contrary, it appears BANA attempted to work with the Ellsworths on multiple occasions, but the Ellsworths repeatedly failed to provide BANA with information necessary to complete the process. As such, the equities do not weigh in the Ellsworths' favor and the alleged failures of the mortgagee in this case do not rise to the level required to set aside the sheriff's sale.

The Ellsworths also argue that BANA is the real party in interest and the one authorized to proceed with the Sheriff's Sale although it had previously assigned its default judgment to Nationstar. The issue of standing in this case was raised for the first time on February 4, 2014 in the Ellsworths' Petition to Set Aside the Sheriff's Sale and Default Judgment. This was more than eight (8) months after Plaintiff entered its default judgment and a month after the Sheriff's Sale of the Ellsworths' property. The issue of capacity to sue is waived unless it is specifically raised in the form of a preliminary objection or in the answer to the complaint." *See Erie*

*Indemnity Company v. Coal Operators Casualty Company*, 272 A.2d 465, 467 (Pa. 1971). Thus, the Ellsworths have waived any issue regarding Plaintiff's alleged lack of standing to sue.

This Court would have reached the same conclusion had the Ellsworths properly raised the issue of standing in a responsive pleading. Nationstar is the current mortgagee and judgment holder of record and can step in to the shoes of BANA and enforce its rights under the mortgage and the judgment. Like the defendants in the *Brandau* case referenced by Plaintiff, the Ellsworths did not contest the foreclosure prior to judgment and their attempts to contest the validity of the note at this juncture via a motion to strike are improper. *See Equicredit Corp. of America v. Brandau*, Pa. Super. Ct. Docket No. 1483 WDA 2012.

Finally, the Ellsworths argue for the first time in their Concise Statement of Errors Complained of on Appeal that the default judgment is void because the mortgage contract only authorizes the Plaintiff to collect unliquidated, reasonable foreclosure fees and the Plaintiff's complaint demands fixed fees. Again, this argument is untimely and has been waived.

For the reasons set forth above, this Court's August 4, 2014 Order should be affirmed.

BY THE COURT,

_____ J.